## HUGENER *v.* MICHLAP.

1. DAMAGES—HOSPITAL AND MEDICAL EXPENSES—REAR-END COLLISION.

> Jury's verdict of $15,000 for plaintiff wife in action arising from a rear-end automobile collision *held*, not reversible error, where it appears she spent 12 days in the hospital and was under a physician's care for more than 3 years.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 22 Am Jur 2d, Damages § 363 *et seq.*
[3] 39 Am Jur, New Trial § 24.
   Propriety of limiting to issue of damages alone new trial granted on ground of inadequacy of damages awarded.   29 ALR2d 1199.

2. Same—Inadequate Verdict—Evidence.

Plaintiff husband whose wife was injured when defendant's car collided with the rear end of their car which she was driving *held*, to have conclusively and irrefutably established a portion of his alleged damages in an amount grossly in excess of jury's verdict of $1.05, liability having been admitted by defendant.

3. New Trial—Limited New Trial—Inadequate Verdict.

New trial limited to damages only is ordered in action by plaintiff husband, where his action and that of his wife had been consolidated for trial and appeal, liability in both cases was admitted by defendant, a verdict of $15,000 was awarded wife, and a grossly inadequate verdict of $1.05 awarded husband.

Appeal from Wayne; Elliott (Phillip), J., presiding. Submitted Division 1 October 6, 1965, at Detroit. (Docket Nos. 322, 339.) Decided January 11, 1966.

Declaration by Alice M. Hugener against Marion F. Michlap for injuries arising out of an automobile accident. Derivative action by William A. Hugener. Cases consolidated for trial and appeal. Verdict and judgment for plaintiffs. Defendant Michlap appeals in case by Alice M. Hugener, claiming excessive damages. Plaintiff William A. Hugener appeals claiming inadequate damages. Affirmed as to plaintiff Alice M. Hugener. Reversed and remanded for new trial as to damages for plaintiff William A. Hugener.

*Jack W. Hutson,* for plaintiffs.

*Rouse, Selby, Webber, Dickinson & Daoust (James R. Daoust,* of counsel), for defendant.

J. H. Gillis, J. On December 25, 1960, plaintiff Alice Hugener was a passenger in an automobile driven by her husband, plaintiff William Hugener, when it was struck from the rear by an automobile operated by defendant Marion Michlap.

Plaintiff Alice Hugener sued the defendant to recover for her personal injuries, and her husband sued to recover for hospital, medical and other associated expenses and for the loss of consortium. The cases were consolidated for trial. The defendant admitted liability in both cases but contested injury and damages, contending much of the expense was unrelated to this accident or unnecessary. The jury returned verdicts for plaintiff Alice Hugener in amount of $15,000 and for plaintiff William Hugener in amount of $1.05. Plaintiff William Hugener appeals contending the verdict is inadequate in his case, and the defendant appeals the verdict rendered in favor of Alice Hugener contending it is excessive. The appeals are consolidated in this Court.

Testimony in the wife's case showed that she spent some 12 days in the hospital and was under a physician's care for more than 3 years. The jury was the trier of the facts and we cannot say from this record that they erred in awarding $15,000 to the plaintiff-wife. See *Teeter* v. *Pugsley* (1947), 319 Mich 508, 511.

There was ample testimony, which was not controverted, to support a claim by the husband for out of pocket expenses, such as the $100 deductible collision expense. There is no question but that the jury erred by bringing in an inadequate award for the plaintiff-husband. In his argument to the jury at the conclusion of the case defense counsel stated, in part, in relation to the plaintiff-husband:

"It sure as blazes takes a lot of nerve and a lot of gall to come in here and ask the people to award him a sum of money for what the law calls loss of consortium, which is loss of the companionship and comfort and the congenial relationship, the intimate relationship of marriage and so on and so forth, when a little over a year after this accident happened, he abandons the ship of matrimony. Boy that

takes gall, and I don't think I have—I have never heard of anything like that before in my life."

Defense counsel wound up his argument by requesting the jury to return a verdict for the plaintiff-husband in the amount of $1.10 and the jury more than accommodated by returning a verdict of $1.05.

Defendant contends that the two verdicts are clearly irreconcilable and inconsistent and new trials should be granted in each case. Defendant relies on *Bias* v. *Ausbury* (1963), 369 Mich 378, and other cases that consider irreconcilable and inconsistent verdicts in companion cases. However, an examination of the *Bias Case, supra,* reveals a substantial difference in that the question of liability was an issue for the jury. Here, liability having been admitted in both cases, the sole question is the adequacy of the damages. Plaintiff-husband, having conclusively and irrefutably established a portion of his alleged damages in an amount grossly in excess of the jury verdict, must be granted a new trial limited to a determination of damages only.

Accordingly the judgment in the plaintiff-husband's case is set aside and pursuant to GCR 1963, 527.1(4), a new trial is ordered on the question of damages only. See *Brown* v. *Wyman* (1923), 224 Mich 360, and *Trapp* v. *King* (1965), 374 Mich 608.

Judgment in plaintiff Alice Hugener's case is affirmed. Costs to plaintiff in both cases.

LESINSKI, C. J., and FITZGERALD, J., concurred.