ROSS v. RICHARDSON

1. Witnesses—Credibility—Question of Fact.

The credibility of witnesses, the resolution of factual conflicts, and the weight to be accorded testimony rests with the trier of fact.

2. Damages—Inadequate Award—Uncontroverted Evidence.

Award of six cents damages to a plaintiff in an automobile negligence case was inadequate on its face even though ample evidence suggested that the trier of fact's conclusion that the plaintiff's physical injuries and property damage were not proximately caused by the defendant's act, the trier of fact could find no property damage, and the plaintiff's medical testimony as to physical injuries was not believed where there was uncontroverted evidence of out-of-pocket expenses for the plaintiff's emergency medical treatment.

Appeal from Muskegon, Charles A. Larnard, Jr., J. Submitted Division 3 October 8, 1970, at Grand Rapids. (Docket No. 7470.) Decided December 10, 1970.

Complaint by James Ross, Jr., against Essie Richardson for damages from an automobile collision. Judgment for plaintiff. Plaintiff appeals the adequacy of the damages. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses § 862.
[2]  22 Am Jur 2d, Damages §§ 5–10.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (Vernon D. Kortering,* of counsel) for plaintiff.

*Engle & Hipkiss,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and J. J. KELLEY, JR.,* JJ.

R. B. BURNS, J. This negligence action, tried without a jury, resulted in a six-cent damage award for the plaintiff. Defendant admitted she had driven into the rear of plaintiff's vehicle but contested the amount of damages alleged by plaintiff at trial level. Plaintiff appeals the six-cent award on the basis that it was clearly inadequate.

It is elementary that credibility of witnesses, resolution of factual conflicts and the weight accorded the testimony of witnesses rests with the trier of fact (*Erickson* v. *Soyars* [1959], 356 Mich 64; *Graham* v. *Thorman* [1958], 354 Mich 629) and that findings of fact will not be set aside unless clearly erroneous (GCR 1963, 517.1; *Coffee-Rich, Inc.,* v. *Department of Agriculture* [1965], 1 Mich App 225; *Hughson* v. *O'Reilly* [1967], 7 Mich App 324).

The opinion of the trial court reveals that the trial judge, sitting as the trier of fact, could find no property damage. The plaintiff's medical testimony as to physical injuries was simply not believed. Ample evidence exists supporting the trial court's conclusion that the physical injuries and property damages were not proximately caused by defendant's act and this Court extends due credence to these findings. However, the six-cent award does ignore uncontroverted out-of-pocket expenses for emergency medical treatment obtained by plaintiff.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The six-cent award, so far as it ignored this uncontroverted expense, is on its face inadequate. *Whitson* v. *Whiteley Poultry Co.* (1968), 11 Mich App 598; *Hugener* v. *Michlap* (1966), 2 Mich App 157.

Reversed and remanded for a new trial as to damages only. Costs to plaintiff.

All concurred.