BROWN BROTHERS EQUIPMENT COMPANY v STATE
HIGHWAY COMMISSION

1. APPEAL AND ERROR—COURT OF CLAIMS—FINDINGS OF FACT.

Findings of fact of the Court of Claims have the same status on appeal as findings of fact made by a circuit judge hearing a case without a jury.

2. APPEAL AND ERROR—FINDINGS OF FACT.

The Court of Appeals will not set aside a trial court's factual determination unless it is clearly erroneous (GCR 1963, 517.1).

3. DAMAGES—CONTRACTS—RELIANCE ON BREACH—KNOWLEDGE OF BREACH.

One of the necessary elements for recovery of damages suffered in reliance on a contract is lack of knowledge by the nondefaulting party alleging reliance that a breach has occurred.

4. CORPORATIONS—SEPARATE ENTITY.

The fiction of separate corporate entity of two corporations will not be extended where to do so would not serve the ends of justice; in ascertaining whether the separate corporate entity should be disregarded each case is *sui generis* and must be decided in accordance with its underlying facts.

5. CORPORATIONS—SEPARATE ENTITY—EQUITY.

Equitable principles require the Court of Appeals to disregard the legal fiction of separate corporate entity where it is shown that defendant continuously treated plaintiff's two corporations as one and entered a settlement contract as if the corporations were one.

Appeal from Court of Claims, William John Beer, J. Submitted Division 2 November 9, 1973, at Lansing. (Docket No. 13646.) Decided March 1, 1974.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 839–845.
[3] 22 Am Jur 2d, Damages § 46.
[4, 5] 18 Am Jur 2d, Corporations §§ 13–19.

Complaint by Brown Brothers Equipment Company against the State Highway Commission for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Affirmed in part, reversed in part.

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Robert J. Taube,* Assistants Attorney General, for defendant.

Before: BASHARA, P. J., and McGREGOR and BRONSON, JJ.

BASHARA, P. J. This case arose out of the anticipated condemnation of real estate for purposes of constructing I-496 in Lansing Township. The real estate, including manufacturing facilities located on it, were owned by plaintiff Brown Brothers Equipment Company. The actual management and control of the manufacturing business was not in plaintiff but in a separate corporation, Brown Brothers, Inc., not a named party to this suit.

Preliminary negotiations between the state and plaintiff were begun with the view that an agreement might be reached which would settle or lessen the damages to plaintiff's business resulting from condemnation of the underlying land. The discussions were concerned with the relocation of plaintiff's facilities and equipment, as the new highway would sever access to a railroad spur necessary to plaintiff's business. Initially the state offered to pay, *inter alia,* for the relocation of certain equipment, pay the cost of a conveyer running from plaintiff's plant to the railroad and pay for the railroad spur itself. The plaintiff would

then be obliged to sign a possession and use agreement permitting the state to proceed with construction of the highway. Plaintiff alleges that the negotiations and actions which ensued terminated in a binding contract which defendants emphatically deny.

The state filed its petition for condemnation[1] in September, 1966, and in February of 1967 plaintiff commenced suit in the Court of Claims seeking damages for breach of contract. After a lengthy trial the court found that a contract had been entered into by the parties, that the defendant commission had breached that contract, and as a result plaintiff had suffered damages in the amount of $184,325.74. The judgment reflected costs for an engineering study of $12,337.08, alleged loss of future profits for $60,133.08, and $111,855.58 for costs incurred by the plaintiff in relocating its ready-mix facilities. Defendants appeal those findings and awards made by the Court of Claims.

The defendant's first claim on appeal is that the trial court erred in concluding that an agreement existed between the parties. It points to the voluminous record and argues that the court's finding was clearly erroneous. In reviewing the court's decision, findings of fact made by the Court of Claims have the same status as findings of fact made by circuit judges hearing a case without a jury. *W H Knapp Co v State Highway Department,* 311 Mich 186; 18 NW2d 421 (1945). This Court will not set aside a trial court's factual determination unless it is clearly erroneous, GCR 1963, 517.1; *Ross v Richardson,* 29 Mich App 110; 185 NW2d 106 (1970). On the basis of the whole record, we

[1] The condemnation suit between the parties herein has been adjourned until disposition of this action for breach of contract.

are unable to say that the finding of the court that an agreement was reached is clearly erroneous.

The state has conceded that if the decision that an agreement existed is upheld on appeal then the $12,337.08 awarded to plaintiff for its engineering study should not be disturbed. It is the remaining two elements of damage, relocation costs and lost future profits, to which the state takes exception.

Our discussion will first be addressed to the issue of $111,855.58 expended for the relocation of plaintiff's ready-mix equipment. It is plaintiff's contention that these relocated facilities are now worthless without the railroad spur for which defendant agreed to pay. Plaintiff, without citation to law on point, maintains that the relocation costs represent damages incurred in reliance on the defendant's promise to perform. As stated in 22 Am Jur 2d, Damages, § 46, p 72, the reliance interest is that interest of the nondefaulting party in the expenditure which he made or the property which he transferred or consumed in *reliance on the contract.*

When reliance is alleged one of the necessary elements for recovery of damages is lack of knowledge by the nondefaulting party that a breach has occurred. The record before us discloses that such ignorance on the part of the plaintiff was contrary to the facts. Further, plaintiff instituted suits during 1967 in both the Court of Claims and the United States District Court to enforce the contract which defendant was refusing to honor. The breach was obviously known to plaintiff and caused it to bring suit. Examination of the exhibits reveals that except for a small sum of money, all of the relocation work was performed in 1968, or after the breach occurred. Plaintiff could not increase the damages for breach but should have

minimized them once it was aware of defendant's intention.[2] The contradiction between plaintiff's theory of reliance damage and the facts require this Court to reverse the award of $111,855.58 for relocation costs.

The propriety of the $60,133.08 award for loss of future profits is attacked by defendant as contrary to law and fact. Defendant asserts that the amount of loss was calculated from past profit figures of Brown Brothers, Inc., which leases the facility and equipment owned by the plaintiff to the action. As such, it argues, Brown Brothers, Inc., is not a party to this action and its profits or losses are irrelevant. Defendant's position is that each corporation is a separate entity which the trial court could not disregard unless fraud or wrong-doing was shown. *Gledhill v Fisher & Co,* 272 Mich 353; 262 NW 371 (1935). It is also true, however, that the fiction of separate corporate entity of two corporations will not be extended where to do so would not serve the ends of justice. 18 Am Jur 2d, Corporations, § 17, p 565.

In ascertaining whether the separate corporate entity should be disregarded each case is *sui generis* and must be decided in accordance with its own underlying facts. In the case at bar, defendant continuously treated both corporations as one and entered the settlement contract for the purpose of keeping Brown Brothers' manufacturing business in operation. Defendant was also aware that the continuation of that enterprise was the motivation for plaintiff agreeing to the state taking possession of its land. To now accept defendant's contention of "separate corporate entity" would work an injustice on plaintiff and deny it the benefits of its

[2] See 22 Am Jur 2d, Damages, § 36 and § 160 for discussion of the doctrine of avoidable consequence in measuring recovery for breach of contract.

contract. Defendant has shown no surprise, disadvantage, or objection at trial in plaintiff's use of Brown Brothers, Inc., books for evidence of loss for breach of contract. Equitable principles require this Court to disregard the legal fiction of separate corporate entity and approve the trial court's action.

The determination that $60,133.08 would compensate plaintiff for future lost profits was a finding properly made by the trial court. We do not reverse such findings unless clearly erroneous, *Ross v Richardson, supra.* The finding of the court is supported by the evidence and is sustained by this Court.

In conclusion, we do not find the trial court erred in its holding that a contract existed. The court was also correct in determining that the contract was breached. However, the recoverable damages should not include both loss of future profits and relocation expense in this suit.

The awards of $12,337.08 and $60,133.08 are affirmed; the award of $111,855.58 is reversed.

All concurred.