BARGER v GALAZEN

DAMAGES—JUDGMENT—NEGLIGENCE—INADEQUACY OF VERDICT—OUT-OF-POCKET DAMAGES—ADDITUR—PROXIMATE CAUSATION.

> Failure of a jury in a negligence action to award any damages to a plaintiff was error which was properly cured by the trial judge's use of additur in the amount of the plaintiff's out-of-pocket expenses, where the jury found the defendants were negligent, the amount of the out-of-pocket expenses was uncontroverted, and the remainder of the damages plaintiff claimed all related to personal injuries which were not proven to have been proximately caused by defendants' negligence.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 January 7, 1975, at Grand Rapids. (Docket No. 19272.) Decided May 27, 1975.

Complaint by Charles A. Barger, Jr. against Margaret Galazen and Martin Elwin Glommen for damages for injuries received in an automobile collision. Judgment for plaintiff. Plaintiff appeals. Affirmed.

*Richard S. Wagner (Hayes & Davis,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for Margaret Galazen.

*O'Connor, McNamara & O'Keefe,* for Martin Glommen.

REFERENCE FOR POINTS IN HEADNOTE
22 Am Jur 2d, Damages § 210.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, P. J. This case arises out of an accident which occurred in the early morning hours of August 13, 1969. Plaintiff, Charles Allen Barger, Jr., and defendant, Martin Glommen, were both proceeding in a westerly direction on I-96 towards the Grand Rapids area. Defendant Glommen, driving a car owned by defendant Galazen, apparently fell asleep at the wheel and did not awaken until it was too late to avoid crashing into the rear end of a truck driven by plaintiff. As a result of this accident, plaintiff allegedly suffered a disabling injury to his back. Suit was brought in Ionia County Circuit Court and, upon the granting of a motion for change of venue, trial was had before a jury in Kent County Circuit Court.

At trial there was no serious dispute over the cause of the accident. The primary focus of the evidence presented at trial was directed towards the question of whether or not defendant Glommen's negligence caused the injuries for which plaintiff sought relief and also towards the amount of damages to which plaintiff was entitled. At the conclusion of all the proofs, the trial judge instructed the jury in the following manner:

"The defendants, as a matter of law, are liable to the plaintiff for any injury or damages which were caused by the collision on August 13, 1969, between the motor vehicle driven by the plaintiff and that which was owned by Mrs. Galazen and driven by Mr. Glommen. You are to decide only what injury and damages were caused by that collision and the amount to be awarded to the plaintiff for such injury and damages.

* * *

"When you have reached your verdict, you will re-

turn to the courtroom, your foreman will rise and give the verdict in the following form:

"We, the jury, find in favor of the plaintiff, Charles Allen Barger, Jr., and assess his damages at so many dollars.

"The formal verdict, then, ladies and gentlemen, is one: We, the jury, find in favor of the plaintiff, Charles Allen Barger, Jr., and assess his damages at a dollar figure."

After their deliberations, the jury returned the following verdict:

"We, the jury, find in favor of the plaintiff, Charles Allen Barger, Jr., and assess his damages at zero dollars."

On November 27, 1973, plaintiff filed a motion for a new trial alleging that the jury's verdict was grossly inadequate, that the jury's verdict appeared to have been given under the influence of passion and prejudice, and that the verdict was against the great weight of the evidence and contrary to law. By opinion dated December 26, 1973, the trial judge denied the motion on the condition that within 10 days defendants "consent in writing to the entry of a judgment in the amount of $109.50 plus interest from August 13, 1969". The trial judge's decision in this regard was based on the additur provisions of GCR 1963, 527.6. The trial judge, after reviewing the evidence, found that the jury should have awarded plaintiff $100 for that portion of the repair bill which plaintiff had to pay and $9.50 for an emergency hospital examination. In all other respects the trial judge said the jury's verdict was justified by the proofs and not against the great weight of the evidence or contrary to law. On January 2, 1974, defendants

consented to the entry of judgment in writing. Judgment in favor of plaintiff for $109.50 was accordingly entered. It is from this decision that plaintiff now appeals.

Plaintiff contends on this appeal that he is entitled to a new trial because of the gross inadequacy of the jury's verdict and argues that the error of the jury in failing to award damages where the uncontroverted testimony established that he suffered some damages could not be cured by the trial judge's use of additur. We disagree. While it is true that the jury ignored uncontroverted expenses incurred by plaintiff as a result of this accident, we do not believe that this requires a new trial in the instant case. The only damages which were neglected and which could be said to have been established as arising out of this accident by uncontroverted proof were those upon which the trial judge relied in his use of additur. The remainder of the damages all related to personal injuries which plaintiff allegedly suffered as a result of the accident. It was not established by uncontroverted proof, however, that these injuries were proximately caused by defendants' negligence. As was brought out at trial, defendant had an extensive record of back trouble prior to this accident. The main question at trial, and the issue upon which the defense based its case, was whether defendant Glommen's negligence was a proximate cause of plaintiff's back troubles. This question had to be answered in the affirmative before the jury could have awarded any damages for injuries arising out of the accident which were related to plaintiff's back condition. The jury obviously answered this question in the negative but then failed to consider what additional damages plaintiff might have been entitled to recover; namely, those for non-personal injuries which

were caused by the accident. The damages which fell into this category, as the trial judge correctly determined, consisted of the $100 deductible which plaintiff had to pay for the repair of his truck and the $9.50 plaintiff was required to pay for the emergency hospital examination. The jury's failure to award plaintiff damages in the amount of the above out-of-pocket expenses was error. *Ross v Richardson,* 29 Mich App 110; 185 NW2d 106 (1970), *Hugener v Michlap,* 2 Mich App 157; 139 NW2d 132 (1966). This was the only error, however, and one which was properly cured by the trial judge's use of additur.

In support of his claim that a new trial must be granted, plaintiff has referred us to numerous cases. None of the cases, however, involve a situation where the error in the jury's verdict was cured by additur. The use of additur to cure an inadequate verdict is authorized by GCR 1963, 527.6 which provides, in relevant part:

"Remittitur and Additur. When a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict, the court may deny a motion for new trial on condition that within 10 days the nonmoving party consents in writing to the entry of judgment of an amount found by the judge to be the lowest or highest amount respectively which the evidence will support."

The trial judge here, having found the only error to be the inadequacy of the jury's verdict with respect to the out-of-pocket expenses, properly employed the remedy of additur. There was no error or abuse of discretion.

The cases of *Fordon v Bender,* 363 Mich 124; 108 NW2d 896 (1961), *Mosley v Dati,* 363 Mich 690; 110 NW2d 637 (1961), and *Weller v Mancha,* 353

Mich 189; 91 NW2d 352 (1958), all relied on by plaintiff, involved situations where a finding of the jury necessitated the conclusion that the issue of proximate cause was resolved in plaintiff's favor. Such is not the case here, however. Plaintiff's reliance on these cases, therefore, is misplaced.

Affirmed.