Per Curiam.
i
In this worker’s compensation matter, we are called on to construe the statutory provision that places the obligation on the employer to supply the injured employee with appliances that are necessary to alleviate the effects of the work-related injury. MCL 418.315(1). We affirm the Worker’s Compensation Appellate Commission (wcac) decision that only the modifications to a van constitute appliances within the meaning of subsection 315(1) of the Worker’s Disability Compensation Act (WDCA), MCL 418.315(1). Furthermore, we overrule Wilmers v Gateway Trans *346 portation Co (On Remand), 227 Mich App 339; 575 NW2d 796 (1998).
n
Plaintiff was employed as a bricklayer by defendant Toledo Engineering. In January, 1981, while at work, he was injured and disabled, and later began to receive worker’s compensation. Subsequently, his physical health deteriorated, and by 1990 he was having difficulty walking any substantial distance without assistance. As his condition worsened, plaintiff acquired assistive devices, including a motorized cart, as well as a van that was customized to transport the cart.
Plaintiff sought reimbursement for the cost and customization of the van and other related expenses pursuant to MCL 418.315(1), arguing that these were “appliances” necessary to cure or relieve the effects of his compensable injury. The magistrate, after taking proofs on this issue, ordered reimbursement for the motorized cart and the reasonable cost of the van and its conversion. On appeal, the wcac affirmed the magistrate’s order regarding reimbursement for the cost of the van conversion, but reversed regarding the cost of the van and the cart.
The Court of Appeals denied plaintiff’s application for leave to appeal. Plaintiff then filed an application for leave to appeal in this Court, and defendants sought leave to appeal regarding the award of reimbursement for the van conversion. This matter turns on the proper construction of MCL 418.315(1).
*347 m
We review de novo questions of statutory construction. DiBenedetto v West Shore Hosp, 461 Mich 394, 401; 605 NW2d 300 (2000). The fundamental rule of statutory construction is to give effect to the Legislature’s intent. Farrington v Total Petroleum, Inc, 442 Mich 201, 212; 501 NW2d 76 (1993). That intent is clear if the statutory language is unambiguous, and the statute must then be enforced as written. Lorencz v Ford Motor Co, 439 Mich 370, 376; 483 NW2d 844 (1992).
IV
Subsection 315(1) of the wdca governs liability of an employer for the cost of enumerated assistive devices:
The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. However, an employer is not required to reimburse or cause to be reimbursed charges for an optometric service unless that service was included in the definition of practice of optometry under section 17401 of the public health code, 1978 PA 368, MCL 333.17401, as of May 20, 1992. An employer is not required to reimburse or cause to be reimbursed charges for services performed by a profession that was not licensed or registered by the laws of this state on or before January 1, 1998, but that becomes licensed, registered, or otherwise recognized by the laws of this state after January 1, 1998. Attendant or nursing care shall not be ordered in excess of 56 hours per week if the care is to be provided by the employee’s spouse, brother, sister, child, parent, or any *348 combination of these persons. After 10 days from the inception of medical care as provided in this section, the employee may treat with a physician of his or her own choice by giving to the employer the name of the physician and his or her intention to treat with the physician. The employer or the employer’s carrier may file a petition objecting to the named physician selected by the employee and setting forth reasons for the objection. If the employer or carrier can show cause why the employee should not continue treatment with the named physician of the employee’s choice, after notice to all parties and a prompt hearing by a worker’s compensation magistrate, the worker’s compensation magistrate may order that the employee discontinue treatment with the named physician or pay for the treatment received from the physician from the date the order is mailed. The employer shall also supply to the injured employee dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus, and other appliances necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker’s compensation magistrate. The worker’s compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee. [Emphasis added.]
In Wilmers, the Court of Appeals addressed the scope of the services and devices that an employer can be called on to provide to an injured employee pursuant to MCL 418.315. It concluded that an entire custom equipped van, and not just the required vehicular modifications, could be considered a reasonably necessary “appliance” for the purpose of subsection 315(1). Wilmers, supra at 345-346. In doing so, the Court reversed the decision of the WCAC, which had found that characterizing an entire vehicle as an *349 appliance would be stretching the statute beyond the clear terms used by the Legislature.
Judge Young dissented from the decision of the Court of Appeals in Wilmers. Concluding that a van did not constitute an “appliance” within the meaning of subsection 315(1), he discussed the substantial difference between a van and the examples of appliances provided by subsection 315(1):
I conclude that the Legislature’s selection of the phrase “other appliances,” when preceded by specific examples of artificial adaptive aids (such as crutches, hearing aids, dentures, glasses, etc.), creates an unambiguous legislative intent to mandate that an employer is obligated only to supply devices of like kind. . . . Consequently, I find it hard to reconcile with my construction of the statute the majority’s view that a van is considered to be “like” such adaptive aids as a crutch, a hearing aid, false teeth, or a pair of eyeglasses. [Id. at 352.]
We agree with that dissenting opinion’s conclusion regarding the proper understanding of “other appliances.” Judge Young was applying the canon of statutory construction described formally as ejusdem generis. This Court has utilized this canon frequently in defining the scope of a broad term following a series of specific items. In discussing this canon in Huggett v Dep’t of Natural Resources, 464 Mich 711, 718-719; 629 NW2d 915 (2001), we described how meaning is given to the general term in that situation as follows: “[T]he general term is restricted to include only things of the same kind, class, character, or nature as those specifically enumerated”; that is, *350 because the listed items have a commonality, the general term is taken as sharing it.[1]
As Judge Young pointed out, the statutorily listed items, “dental service, crutches, artificial limbs, eyes, teeth, eyeglasses, hearing apparatus” share a commonality in that they are artificial adaptive aids that serve to directly ameliorate the effects of the medical condition. A van is dissimilar to the listed items in MCL 418.315(1) because it is not an artificial adaptive aid. Rather, a van is simply a means of transportation. The “adaptive aid” ameliorating the effects of the medical condition and permitting the utilization of the van is the vehicular modification. Accordingly, the phrase “other appliances” as used in subsection 315(1) should not be understood to encompass the van itself, it encompasses only the necessary modifications made to the van so that it can be operated by someone who is disabled. Therefore, defendants are not obligated to provide plaintiff with a van under the statutory provision at issue.
v
We affirm the WCAC determination that the employer was not obligated to provide a van to plaintiff, and we overrule Wilmers for the reasons stated above.
*351 In all other respects, we also affirm the decision of the wcac. The wcac had concluded that the particular motorized cart purchased by plaintiff was not medically necessary. This was a factual determination that was properly supported in the record and, thus, is conclusive. Mudel v Great Atlantic & Pacific Tea Co, 462 Mich 691, 703-704; 614 NW2d 607 (2000).
Defendants’ application for leave to appeal as cross-appellants to contest the WCAC decision to reimburse plaintiff for the cost of the van conversion is denied for the reason that the Court is no longer persuaded the question should be reviewed by the Court.
Corrigan, C.J., and Taylor, Young, and Markman, JJ., concurred.
Cavanagh, J., concurred in the result only.
Weaver, J. Though not joining in the opinion, I concur in the result because the Worker’s Compensation Appellate Commission correctly found that the van at issue was not an “appliance” pursuant to MCL 418.315(1).

 In A Matter of Interpretation (Princeton, New Jersey: Princeton University Press, 1997), p 26, United States Supreme Court Justice Antonin Scalia explains that the ejusdem generis canon of statutory construction
stands for the proposition that when a text lists a series of items, a general term included in the list should be understood to be limited to items of the same sort. For instance, if someone speaks of using “tacks, staples, screws, nails, rivets, and other things,” the general term “other things” surely refers to other fasteners.