Does 2002 PA 678 violate the provisions of Article VI, Section 15 of the *Michigan Constitution of 1963*?

Does the grant of concurrent jurisdiction to the probate, circuit, and district courts as set forth in 2002 PA 678 violate any of the provisions of Article VI, Sections 1, 13, or 15 of the *Michigan Constitution of 1963* as cited above?

If any of these questions is answered in the affirmative (and apparently they will not be answered at all at this juncture), the propriety of countless judicial decisions throughout Michigan may be called into question. At the least, countless motions and appeals will be filed and immeasurable litigative energy will be exercised in discovering piecemeal answers to the constitutional inquiries set forth by the House of Representatives.

Finally, it must be observed that 2002 PA 48 authorizes *this* Court, the Michigan Supreme Court, to review and to approve court reorganization plans of the eighty-three counties of our state. Before the highest court of this state exercises this newly authorized power, it would be especially prudent for it first to evaluate whether it is exercising a power that is compatible with the constitution under which the Court itself has been established.

It is truly hard to comprehend what tasks, what decisions of this Court, could be of more long-term importance to the people of the state of Michigan than the resolution of constitutional questions concerning the structure of their court system. The resolution of these questions should be of the highest priority to this Court, just as demonstrating comity with the people's representatives in the Legislature, should be of the highest priority to this Court.

I strongly dissent. This Court's summary denial of the Legislature's altogether reasonable request for an advisory opinion on court reorganization manifests a sense of misplaced judicial priority. I would grant the request of the House of Representatives.

*Rehearing Denied April 8, 2003:*

WEAKLAND V TOLEDO ENGINEERING COMPANY, INC, No. 119495. In lieu of granting rehearing, the final sentence of the opinion of February 4, 2003, 467 Mich 344, 351, is amended to read as follows:

Defendants' application for leave to appeal as cross-appellants to contest the WCAC decision to reimburse plaintiff for the cost of the van conversion is denied for the reason that the Court is no longer persuaded the question should be reviewed by the Court.

In all other respects the motion for rehearing and plaintiff-appellee's request for clarification are denied. Reported at 467 Mich 344.