# STATE OF MICHIGAN

# COURT OF APPEALS

---

1ST STATE TITLE,

        Plaintiff-Appellee,

v

LP RECORDINGS LLC and PATRICIA
TURLEY,

        Defendants-Appellants.

UNPUBLISHED
December 1, 2015

No. 322964
Wayne Circuit Court
LC No. 12-011189-NZ

---

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants appeal by right the trial court's orders granting partial summary disposition in favor of plaintiff and awarding damages to plaintiff. The parties stipulated to the dismissal of the remainder of the case. Defendants were in the business of recording documents in various counties' registers of deeds and were retained by plaintiff to file a number of such documents. However, defendants failed to record all of them, which plaintiff eventually discovered, resulting in the commencement of the instant suit. Complicating the matter, defendant Patricia Turley (Turley), who is not an attorney, represented herself and defendant LP Recordings LLC (LP Recordings) in the trial court. Despite an impressive exercise of patience by the trial court, Turley's representation was not a model of clarity. We reverse in part, affirm in part, and remand.

Turley is the sole member and owner of LP Recordings, which was in the business of recording deeds and conducting property searches. Defendants, presumably through Turley, entered into verbal agreements with plaintiff to file a number of documents on plaintiff's behalf in various counties' registers of deeds. Turley testified that over the course of the parties' relationship, from April of 2007 to April of 2010, plaintiff gave defendants more than 2500 documents to file, including approximately 750 deeds. Relevant to the instant suit, defendants failed to file 31 of those deeds, for which plaintiff paid $33,036.20.

The trial court made valiant efforts to communicate with Turley during the two motion hearings, but their exchanges can best be described as confused. Turley conceded that a number of the documents that plaintiff gave to defendants for recording were, ultimately, not recorded. Turley's argument, while never clearly articulated, was essentially that she was never given sufficient funds with which to record all of the documents, so she recorded as many as she could

-1-

and set aside the rest. Indeed, Turley asserted that she actually *lost* money and expended more to record documents than she received. Turley further asserted that her troubles were compounded by plaintiff's practice of giving her checks that combined the costs for multiple documents at once. However, she conceded that for whatever reason she continued to accept plaintiff's manner of writing the checks, and she continued to accept plaintiff's jobs. The trial court regarded the situation as "incredible" and concluded that it was baffled by what exactly had transpired, calling it "a morass of confusion," and remarking that it was not helped by Turley's disinclination to answer direct questions.

The trial court held that there was no genuine question of fact that defendants committed breach of contract, rejecting Turley's proffered claim of lack of funds because she admitted that she never advised plaintiff about the lack of funds or put plaintiff on notice that she was unable to perform. The trial court also held in plaintiff's favor regarding conversion, but it did not explain whether it was finding common-law conversion, statutory conversion, or both. It appears that the trial court's finding of conversion was based on its sheer disbelief that Turley could have operated a business as incompetently as her testimony suggested, its finding that Turley retained the money paid for the filing of the deeds at issue, and Turley's inability to provide evidence to show that she had actually used the money for filing purposes. The trial court subsequently found Turley even more incredible at the subsequent damages hearing, but because defendants do not address damages per se in their appeal, but rather only liability, we need not discuss them.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. The proper interpretation of a contract or of a statute are both questions of law that this Court reviews de novo. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 463; 663 NW2d 447 (2003); *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347; 656 NW2d 175, amended on other grounds 468 Mich 1216 (2003). We review "de novo a trial court's decision on whether to pierce a corporate veil because piercing a corporate veil is an equitable remedy." *Florence Cement Co v Vettraino*, 292 Mich App 461, 468; 807 NW2d 917 (2011).

Defendants raise a number of arguments all to the general effect that they should not have been found liable for conversion. An issue raised in the trial court and pursued on appeal is considered preserved, irrespective of whether the trial court actually addresses it. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). However, issues raised for the first time in a motion for reconsideration are *not* considered preserved. *Vushaj v Farm Bureau Gen Ins Co of Michigan*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Defendants did challenge from the outset whether they had actually committed conversion, but many of the specific arguments presented in this issue were not raised until defendants' motion for reconsideration. Nevertheless, defendants' new arguments are more sophisticated but plough relatively little truly new ground; furthermore, they are all matters of law for which the facts necessary to their resolution are found in the record. We therefore choose to exercise our

discretion to review defendants' arguments regarding conversion liability in their entirety. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).

Initially, defendants nominally challenge their liability for breach of contract, but their argument is patently ridiculous. Other than defendants' argument that Turley should not be held personally liable therefor, which we will discuss *infra*, defendants contend that the terms of the parties' contracts was insufficiently defined. The contracts were indeed oral and seemingly handled in an informal manner. However, it was *unambiguously* established, and Turley in fact directly conceded, that the parties' contract was for her to file documents in exchange for money and that she failed to perform some filings. Defendants' attempt to argue that there was merely some delay in filing is equally preposterous; even if some delay would have been permissible, no reasonable trier of fact could find the delays at issue here to have been reasonable. The trial court properly granted summary disposition in favor of plaintiff regarding breach of contract.

In contrast, it appears at first glance that the trial court's conclusion regarding the conversion claims was based purely on its incredulity that Turley could possibly be as incompetent as her testimony clearly indicated. This Court does not interfere with courts' credibility assessments of witnesses except in extreme cases, but this matter is before the Court on summary disposition, wherein credibility assessments are impermissible. *Skinner v Square D Co*, 445 Mich 163, 161; 516 NW2d 475 (1994). The trial court's low estimation of Turley's credibility was therefore an impermissible basis for granting summary disposition—notwithstanding our sympathy with the trial court's entirely reasonable frustration.

However, to withstand a motion for summary disposition, the nonmoving party, which in this case was defendants, must show that there *is* a question of fact for trial, not merely that an issue of fact *could* be established. *Maiden*, 461 Mich at 121. Generally, this requires some kind of actual documentary evidence. *Coblentz v City of Novi*, 475 Mich 558, 569; 719 NW2d 73 (2006). There *may* be situations where no such documentary evidence is needed to make summary disposition appropriate, but such situations would be the exception rather than the norm. See *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 625-627; 739 NW2d 132 (2007), aff'd 482 Mich 136 (2008). In *White*, that situation arose because an issue critically turned on a witness's credibility. That is not the situation here, because the trial court nonetheless properly found that defendants had simply not provided any evidence that would make a difference to them.

According to defendants, plaintiff gave them (1) documents to be filed in various counties, and (2) checks payable to those counties. Turley indicated that some kind of payment to defendants was also included somehow, but failed to articulate how she processed out her share of the checks. Her defense was essentially that plaintiff did not give her enough money to file all of the documents, but even accepting her otherwise-unsupported and unprovable assertions that she brought the deficiency to plaintiff's attention, she continued accepting insufficient funds and has not even alleged that she brought to plaintiff's attention the fact that she did not file some of the documents.

Critically, however, there is apparently no dispute that plaintiff did not provide defendants with individual checks linked to individual documents, but rather "batch checks" that covered multiple documents. Consequently, there can be no obligation on the part of defendants

to return a specific *check* upon the failure to file any particular document. The complaint, while terse, indicates that plaintiff's conversion claims are based on defendants' failure to return *money* rather than the unrecorded deeds or even any checks. Conversion of money requires "an obligation on the part of the defendant to return the specific money intrusted to [the defendant's] care." *Alfred Shrimpton & Sons v Culver*, 109 Mich 577, 580; 67 NW2d 907 (1896); see also *Dunn v Bennett*, 303 Mich App 767, 777-778; 846 NW2d 75 (2013). Plaintiff's commingling of moneys for the various documents, as well as the per-document fees due to defendants for their services, means there is no way to trace *specific* funds to the specific unrecorded documents, and that inability is due to plaintiff's conduct rather than defendants' conduct. Consequently, defendants cannot have committed common-law conversion. Likewise, statutory conversion cannot be established merely by retaining money, which is all plaintiff asserts that defendants did. *Lawsuit Financial LLC v Curry*, 261 Mich App 579, 592-593; 683 NW2d 233 (2004).

Accordingly, the trial court erred in finding defendants liable for conversion, and it is unnecessary to address defendants' remaining arguments to that effect.

Defendants further argue that the trial court erred in allowing Turley to represent LP Recordings, and they point to the tremendous confusion that ensued from Turley's attempts to represent herself and the LLC. This is a blatant attempt to harbor defendants' own mistake, to which nobody below thought to object, as an appellate parachute. In the abstract, of course, defendants are correct: although a corporate entity not technically prohibited from representing itself in court, it may only do so through a licensed attorney, and a non-attorney individual does not become authorized to practice law by virtue of any relationship that person might have with a corporation. *Detroit Bar Ass'n v Union Guardian Trust Co*, 282 Mich 707, 711-712; 281 NW 432 (1938); *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 276-277; ___ NW2d ___ (2015). Consequently, it was impermissible for Turley to represent any entity other than herself. Defendants have cited no law to the effect that the trial court was required to rescue defendants from their own foolish or even illegal conduct.[1] Furthermore, defendants have cited no law to the effect that illegal representation amounts to the kind of error that requires invalidation of the proceedings below. Indeed, defendants do not even technically ask this Court to do anything about the matter, but rather simply rest on the argument that the trial court erred. In the absence of any binding rule *obligating* the trial court to reject Turley's representation of the LLC sua sponte, however, and in the further absence of any binding rule obligating this Court to undertake any corrective action, we leave defendants to the consequences of their own decision.

Finally, defendants argue that Turley could only be held personally liable for the tort of conversion, not for breach of a contract between plaintiff and LP Recordings.[2] We note that this

---

[1] Whether Turley's representation of LP Recordings constituted an actual crime is outside the scope of this appeal and we make no pronouncement regarding that possibility.

[2] It is in fact exceedingly unclear from the record whether the contracts were entered into with LP Recordings, with Turley personally, or possibly both. We presume, without deciding and strictly for the purposes of addressing this issue, that they were entered into solely with the LLC.

argument is totally unpreserved; it was not raised at all prior to the motion for reconsideration and it is dubious whether it was even raised there. However, as a straightforward question of law with sufficient facts in the record, we nevertheless choose to address this issue. See *Steward*, 251 Mich App at 554.

A member or manager of a limited liability company is generally not liable for the acts, debts, or obligations of the LLC. *Duray Development LLC v Perrin*, 288 Mich App 143, 151; 792 NW2d 749 (2010), citing MCL 450.4501(4).[3] However, the equitable remedy of "piercing the corporate veil" applies to LLCs. *Florence Cement*, 292 Mich App at 468-469. The trial court did not specifically state that it found piercing the corporate veil appropriate, but we will affirm a correct result, even if the trial court's reasoning was wrong. *Michigan Gas & Elec Co v City of Dowagiac*, 278 Mich 522, 526; 270 NW 772 (1936); *Mulholland v DEC International Corp*, 432 Mich 395, 411 n 10; 442 NW2d 340 (1989).

"In order for a court to order a corporate veil to be pierced, the corporate entity (1) must be a mere instrumentality of another individual or entity, (2) must have been used to commit a wrong or fraud, and (3) there must have been an unjust injury or loss to the plaintiff." *Florence Cement*, 292 Mich App at 469. It appears beyond dispute that plaintiff suffered an unjust injury or loss. A breach of contract has been held to be the kind of wrong that would justify piercing a corporate veil if the corporate form had been abused. See *Herman v Mobile Homes Corp*, 317 Mich 233, 236; 26 NW2d 757 (1947); *Brown Bros Equipment Co v State Highway Comm*, 51 Mich App 448, 452-453; 215 NW2d 591 (1974). Consequently, Turley's personal liability depends on whether she treated the LLC as a mere instrumentality.

Ultimately, whether to pierce the corporate veil depends on the totality of the circumstances. *Green v Ziegelman*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318989, slip op at p 11). The owner of a corporate entity need not have deliberately used the corporate entity for the purpose of causing harm, but on the other hand there is nothing intrinsically wrong with forming a corporate entity to avoid personal responsibility. *Id*. at ___ (slip op at pp 10-11). Rather, the owner must have misused the corporate form in some manner by using it as an alter ego, and honoring the corporate entity's separate existence must amount to a consummation of some harm to an innocent third party by the courts. *Id*. at ___ (slip op at pp 11-12).

The evidence in the record, while only minimally coherent, shows that piercing the corporate veil was appropriate. By itself, a single owner and operator of a corporation will not defeat the corporate veil. *Bourne v Sanford*, 327 Mich 175, 191; 41 NW2d 515 (1950). However, the trial court's findings regarding the sheer sloppiness and informality of Turley's operation of her business, as well as the fact that the missing deeds were ultimately found at her personal residence and her apparent belief that the agreements were in some way *personal* ones, shows that whatever corporate form she employed was effectively in name only. Therefore, although the trial court should have rendered explicit findings justifying Turley's personal liability, we conclude that the trial court's ultimate decision was correct.

---

[3] At the time, the relevant statutory provision was found at MCL 450.4501(3).

We reverse the trial court's grant of summary disposition in favor of plaintiff on the basis of conversion, and in all other respects we affirm. However, we remand to the trial court to give it the opportunity to decide whether the same award of damages should be maintained in the absence of conversion liability. We leave to the trial court's discretion how to engage in that determination, and we do not retain jurisdiction. We award no costs, neither party having prevailed in full.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause