# STATE OF MICHIGAN

# COURT OF APPEALS

COUNCIL OF ORGANIZATIONS AND OTHERS FOR EDUCATION ABOUT PAROCHIAID, AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN, MICHIGAN PARENTS FOR SCHOOLS, 482FORWARD, MICHIGAN ASSOCIATION OF SCHOOL BOARDS, MICHIGAN ASSOCIATION OF SCHOOL ADMINISTRATORS, MICHIGAN ASSOCIATION OF INTERMEDIATE SCHOOL ADMINISTRATORS, MICHIGAN SCHOOL BUSINESS OFFICIALS, MICHIGAN ASSOCIATION OF SECONDARY SCHOOL PRINCIPALS, MIDDLE CITIES EDUCATION ASSOCIATION, MICHIGAN ELEMENTARY AND MIDDLE SCHOOL PRINCIPALS ASSOCIATION, KALAMAZOO PUBLIC SCHOOLS, and KALAMAZOO PUBLIC SCHOOLS BOARD OF EDUCATION,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN, GOVERNOR, DEPARTMENT OF EDUCATION, and SUPERINTENDENT OF PUBLIC INSTRUCTION,

        Defendants,

and

IMMACULATE HEART OF MARY, SENATOR PHIL PAVLOV, SENATOR PATRICK COLBECK, REPRESENTATIVE TIM KELLY, REPRESENTATIVE KIM LASATA, STEPHEN SANFORD, JENNIFER SANFORD, NATHANIEL CHOL, ROCHIEL ATEM, ANDREW LAUPPE, CARRIE LAUPPE, STEPHEN SWEETLAND, and BERNADINE SWEETLAND,

FOR PUBLICATION
September 21, 2017
9:05 a.m.

No. 338258
Court of Claims
LC No. 17-000068-MB

-1-

Appellants.

COUNCIL OF ORGANIZATIONS AND
OTHERS FOR EDUCATION ABOUT
PAROCHIAID, AMERICAN CIVIL LIBERTIES
UNION OF MICHIGAN, MICHIGAN PARENTS
FOR SCHOOLS, 482FORWARD, MICHIGAN
ASSOCIATION OF SCHOOL BOARDS,
MICHIGAN ASSOCIATION OF SCHOOL
ADMINISTRATORS, MICHIGAN
ASSOCIATION OF INTERMEDIATE SCHOOL
ADMINISTRATORS, MICHIGAN SCHOOL
BUSINESS OFFICIALS, MICHIGAN
ASSOCIATION OF SECONDARY SCHOOL
PRINCIPALS, MIDDLE CITIES EDUCATION
ASSOCIATION, MICHIGAN ELEMENTARY
AND MIDDLE SCHOOL PRINCIPALS
ASSOCIATION, KALAMAZOO PUBLIC
SCHOOLS, and KALAMAZOO PUBLIC
SCHOOLS BOARD OF EDUCATION,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN, GOVERNOR,
DEPARTMENT OF EDUCATION, and
SUPERINTENDENT OF PUBLIC
INSTRUCTION,

        Defendants,

and

MICHIGAN CATHOLIC CONFERENCE and
MICHIGAN ASSOCIATION OF NON-PUBLIC
SCHOOLS,

        Appellants.

No. 338259
Court of Claims
LC No. 17-000068-MB

Before: Hoekstra, P.J., and Meter and K. F. Kelly, JJ.

-2-

METER, J.

In Docket No. 338258, Immaculate Heart of Mary, Senator Phil Pavlov, Senator Patrick Colbeck, Representative Tim Kelly, Representative Kim Lasata, Stephen Sanford, Jennifer Sanford, Nathaniel Chol, Rochiel Atem, Andrew Lauppe, Carrie Lauppe, Stephen Sweetland, and Bernadine Sweetland (collectively, Immaculate Heart et al) filed a motion to intervene as defendants in a lawsuit filed by plaintiffs. In Docket No. 338259, the Michigan Catholic Conference (MCC) and Michigan Association of Non-Public Schools (MANS) filed a motion to intervene as defendants in the same lawsuit filed by plaintiffs. Plaintiffs' complaint named the State of Michigan, the Governor, the Department of Education, and the Superintendent of Public Instruction as defendants. The Court of Claims denied the motions to intervene. Thereafter, Immaculate Heart et al and the MCC and MANS filed applications for leave to appeal, and this Court granted the applications and consolidated the appeals. *Council of Organizations & Others for Ed About Parochiaid v Michigan*, unpublished order of the Court of Appeals, entered May 11, 2017 (Docket No. 338258); *Council of Organizations & Others for Ed About Parochiaid v Michigan*, unpublished order of the Court of Appeals, entered May 11, 2017 (Docket No. 338259). Thus, Immaculate Heart et al and the MCC and MANS now appeal by leave granted. We conclude that the Court of Claims lacked subject-matter jurisdiction over claims against Immaculate Heart et al and the MCC and MANS and thus we affirm the decision of the Court of Claims to deny the motions to intervene.

Plaintiffs filed their complaint on March 21, 2017. The complaint asserted that although Const 1963, art 8, § 2, ¶ 2, prohibits public funds from being used to aid private, denominational, or other nonpublic schools, § 152b of 2016 PA 249, which was signed into law on June 27, 2016, appropriated $2,500,000 to reimburse nonpublic schools for the cost of compliance with various statutes and regulations. The complaint further asserted that although Const 1963, art 4, § 30, requires approval from two-thirds of both the Senate and House of Representatives in order to appropriate public money for private purposes, 2016 PA 249 did not pass through the Senate by a two-thirds vote. The complaint sought a declaration that the appropriation of funds under § 152b was unconstitutional under Const 1963, art 8, § 2, ¶ 2, and Const 1963, art 4, § 30; a writ of mandamus prohibiting the Superintendent of Public Instruction and the Michigan Department of Education from disbursing funds under § 152b; and injunctive relief preventing public funds from going to nonpublic schools.

On March 28, 2017, the MCC and MANS filed a motion to intervene as parties in interest under MCR 2.209. The MCC and MANS indicated that, as organizations, they have fought to protect the rights of students enrolled in Michigan's nonpublic schools. In part, the MCC and MANS asserted that § 152b properly permits nonpublic schools to seek reimbursement for compliance with various state-mandated health, safety, and welfare requirements. The MCC and MANS argued that they had the right to intervene because they filed a timely application, that they had an interest in the subject of the action that would be affected by the outcome of the action, and that their interests may not be adequately represented by the named parties. The MCC and MANS explained that they and their members would incur loss if § 152b were found unconstitutional, that they would provide a unique perspective to the case because they had firsthand knowledge of how funds are used and of school operations, and that "no party currently involved in this litigation stands to lose in the way that Intervenors' members and students do." In the alternative, the MCC and MANS argued that they should be allowed to intervene on a

permissive basis because they filed a timely application, their defense involved a common question of law with the proceeding, and their participation would not cause prejudice or delay.

In April 2017, Immaculate Heart et al filed a motion to intervene as parties in interest under MCR 2.209.[1] Immaculate Heart et al attached a proposed answer to their motion, and the proposed answer asserted that Const 1963, art 8, § 2, ¶ 2, was added by Proposal C, the adoption of which was "the direct result of a smear campaign against the Catholic Church and Catholic schools, orchestrated by the Council Against Parochiaid and its allies." The proposed answer further asserted that § 152b of 2016 PA 249 was valid because Const 1963, art 8, § 2, ¶ 2, was unconstitutional under the First and Fourteenth Amendments of the United States Constitution.

Immaculate Heart et al filed a brief in support of their motion and argued that they could intervene as of right because their application was timely, they had an interest in the action, and the named parties would not adequately represent their interests. Immaculate Heart et al further argued that the state defendants could not take the legal position that Const 1963, art 8, § 2, ¶ 2, was unconstitutional. In the alternative, Immaculate Heart et al argued that they should be allowed to intervene on a permissive basis because they filed a timely application, their defense involved a common question of law with the proceeding, and their participation would not cause prejudice or delay

On April 11, 2017, the MCC and MANS filed a proposed answer, which asserted their position outlined in their motion to intervene. The proposed answer also alleged that plaintiffs failed to state a claim, that some or all plaintiffs lacked standing, and that Const 1963, art 8, § 2, ¶ 2, was unconstitutional under the First and Fourteenth Amendments of the United States Constitution if interpreted in the way plaintiffs asserted.

On May 2, 2017, the trial court issued an opinion and order denying both motions to intervene. The trial court concluded that the MCC and MANS established a basis to intervene under MCR 2.209; however, the trial court noted that it must deny the motion to intervene if it lacked jurisdiction to decide the proposed intervenors' rights. The trial court explained that it lacked jurisdiction over non-state actors as defendants under MCL 600.6419(1)(a) and held that it must deny the motions to intervene. As part of its jurisdictional discussion, the trial court noted that, if not for the jurisdictional issue, "the motion to intervene as defendants by Immaculate Heart of Mary *et. al.* would be redundant and their proposed interest would be adequately represented by MCC and MANS." The trial court further noted that, "to the extent the state legislators could be considered to have sought intervention in their roles as state legislators, the [c]ourt would be disinclined to find that their interests were not already adequately represented by the named state Defendants and the Attorney General."

---

[1] According to the briefs, the individuals who are not state legislators are parents who "have children who attend private religious schools, have children who attend public schools but wish to send those children to private religious schools, or both." In addition, "[p]roposed intervening defendant Representative Tim Kelly voted in support of 2016 PA 249, and he, along with Senator Phil Pavlov, Senator Patrick Colbeck, and Representative Kim LaSata, seek to enforce the policy the legislation [sic] enacted in Section 152b."

-4-

Immaculate Heart et al now appeal by leave granted in Docket No. 338258, and the MCC and MANS now appeal by leave granted in Docket No. 338259.

On May 22, 2017, this Court issued an order staying the proceedings in part. *Council of Organizations & Others for Ed v Michigan*, unpublished order of the Court of Appeals, entered May 22, 2017 (Docket No. 338258).[2]

Appellants contend that the Court of Claims erred in ruling that it could not grant the motions to intervene because of a lack of subject-matter jurisdiction.

"Whether the trial court had subject-matter jurisdiction is a question of law that this Court reviews de novo." *Bank v Mich Ed Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016) (quotation marks and citation omitted). "We review de novo questions of statutory interpretation, with the fundamental goal of giving effect to the intent of the Legislature." *Id*. "That intent is clear if the statutory language is unambiguous, and the statute must then be enforced as written." *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347; 656 NW2d 175 (2003), amended on other grounds 468 Mich 1216 (2003).

For purposes of this appeal, we will assume, without deciding, that all appellants would be allowed to intervene if solely the intervention court rule, MCR 2.209, were under consideration. MCR 2.209 states:

> **(A) Intervention of Right.** On timely application a person has a right to intervene in an action:
>
> (1) when a Michigan statute or court rule confers an unconditional right to intervene;
>
> (2) by stipulation of all the parties; or
>
> (3) when the applicant claims an interest relating to the property or transaction which is the subject of the action and is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> **(B) Permissive Intervention.** On timely application a person may intervene in an action

---

[2] This Court subsequently granted a motion for partial relief from stay, allowing "plaintiffs to make a filing(s) in the Court of Claims in accordance with the verification requirements of MCL 600.6431." *Council of Organizations & Others for Ed v Michigan*, unpublished order of the Court of Appeals, entered June 21, 2017 (Docket Nos. 338258; 338259).

(1) when a Michigan statute or court rule confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common.

In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**(C) Procedure.** A person seeking to intervene must apply to the court by motion and give notice in writing to all parties under MCR 2.107. The motion must

(1) state the grounds for intervention, and

(2) be accompanied by a pleading stating the claim or defense for which intervention is sought.

**(D) Notice to Attorney General.** When the validity of a Michigan statute or a rule or regulation included in the Michigan Administrative Code is in question in an action to which the state or an officer or agency of the state is not a party, the court may require that notice be given to the Attorney General, specifying the pertinent statute, rule, or regulation.

Notwithstanding this court rule, existing statutory and common law—most notably MCL 600.6419(1) and *Estes v Titus*, 481 Mich 573; 751 NW2d 493 (2008)—demonstrates that appellants could not in fact intervene in plaintiffs' lawsuit because the Court of Claims lacked subject-matter jurisdiction over claims against non-state actors.

"[A] judgment entered by a court that lacks subject-matter jurisdiction is void, [and] subject-matter jurisdiction is established by the *pleadings* and exists when the proceeding is of a class the court is authorized to adjudicate and the claim stated in the complaint is not clearly frivolous." *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 561; 840 NW2d 375 (2013) (quotation marks and citations omitted). In other words, "[a] court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint," and "[i]f it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists." *Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668; 554 NW2d 612 (1996). "[T]he [l]ack of jurisdiction of the subject matter may be raised at any time and the parties to an action cannot confer jurisdiction by their conduct or action nor can they waive the defense by not raising it." *Hillsdale Co Sr Servs, Inc v Hillsdale Co*, 494 Mich 46, 51 n 3; 832 NW2d 728 (2013) (quotation marks and citation omitted; second alteration in *Hillsdale*).

Concerning the jurisdiction of the Court of Claims, MCL 600.6419(1) provides, in part:

Except as otherwise provided in this section, the court has the following power and jurisdiction:

-6-

(a) To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court.

"The Court of Claims is a court of legislative creation. Its statutory powers are explicit and limited." *Feliciano v State, Dep't of Natural Resources*, 97 Mich App 101, 109; 293 NW2d 732 (1980).[3] "[T]he Court of Claims is a court of limited jurisdiction which does not possess the broad and inherent powers of a constitutional court." *Meda v City of Howell*, 110 Mich App 179, 183; 312 NW2d 202 (1981). "Therefore, the Court of Claims lacks jurisdiction to hear actions against persons who, although public officials, are being sued in their individual capacities." *Id*. Where a court lacks jurisdiction over the subject matter of a suit, any action with respect to such a cause, other than dismissal, is absolutely void." *Id*. In *Meda*, the Court stated that "the Court of Claims lacked *subject matter jurisdiction* over defendants in their individual capacities . . . ." *Id*. (emphasis added).

In *Estes v Titus*, 481 Mich 573, 583-584; 751 NW2d 493 (2008), the Michigan Supreme Court discussed jurisdiction and a motion to intervene under MCR 2.209(A)(3):

Plaintiff's motion to intervene was based on MCR 2.209(A)(3), which allows an intervention of right in cases in which the intervenor's interests are not adequately represented by the parties. The court rule would otherwise have applied in the divorce because neither of the Tituses adequately represented plaintiff's interest as a potential creditor. *However, the rule did not apply because the creditor sought to intervene in a divorce action in which the court did not have statutory jurisdiction to decide the intervenor's rights.* Court rules cannot establish, abrogate, or modify the substantive law.

In *Yedinak v Yedinak*, [383 Mich 409; 175 NW2d 706 (1970),] we addressed this same issue in the context of the court rules of permissive and necessary joinder. The majority in *Yedinak* found that nothing in these rules gave the divorce courts "power to disregard statutory provisions pertaining to divorce and to litigate the rights of others than the husband and wife." The same reasoning applies here. The divorce court properly denied plaintiff's motion to intervene in the divorce proceedings, and plaintiff correctly concluded that an appeal from the denial order would have been futile. [Citations omitted; emphasis added.]

---

[3] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority[.]" *In re Stillwell Trust,* 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

MCL 600.6419, which *specifically outlines* the jurisdiction of the Court of Claims, contains a requirement that the action be "against the state or any of its departments or officers . . . ." Indeed the very essence of the Court of Claims is to hear claims against the state. Thus, the nature of a defendant as a private individual necessarily relates to the subject-matter jurisdiction of the Court of Claims. See, e.g., *Meda*, 110 Mich App at 183; see also *Haider v Mich Tech Univ*, unpublished opinion per curiam of the Court of Appeals, issued June 13, 1997 (Docket No. 183350), p 3 (holding that "[b]ecause the individual defendants are not executive officers, the Court of Claims did not have subject-matter jurisdiction over" claims against them).[4]

It is true that MCL 600.6422 indicates that "[p]ractice and procedure in the court of claims shall be in accordance with the statutes and court rules prescribing practice in the circuit courts of this state, except as otherwise provided in this section." The MCC and MANS argue that, therefore, MCR 2.209 is the proper authority for determining whether they may intervene. This argument is misguided, however, in light of the clear guidance of *Estes*. Again, in *Estes*, 481 Mich at 583, the Supreme Court stated that MCR 2.209 "would otherwise have applied" but that it did not in fact apply because "the court did not have statutory jurisdiction to decide the intervenor's rights." Just as the court did not have statutory jurisdiction to "decide the intervenor's rights" in *Estes*, the Court of Claims does not have statutory jurisdiction to "decide the [potential intervenors'] rights" as defendants in the present case.

The Court of Claims correctly held that, given the nature of the proceedings, MCR 2.209 is inapplicable because the Court of Claims lacked subject-matter jurisdiction over claims against appellants as defendants.[5]

Immaculate Heart et al argues that the state legislators were seeking to intervene in their official capacities and thus cannot be barred from intervening by MCL 600.6419 and *Estes*.

MCL 600.6419(7) defines the phrase "the state or any of its departments or officers" as:

this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state, or an officer, employee, or volunteer of this state or any governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of this state, acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties.

---

[4] Unpublished opinions are not binding but may be used as guides. See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 20 n 16; 672 NW2d 351 (2003).

[5] Appellants note that Court of Claims cases exist in which no party evidently objected, on jurisdictional grounds, to intervention by non-state parties. The existence of these cases does not mandate reversal in the present case, where the jurisdictional issue is squarely before us.

The Court of Claims opined that the state legislators were "seeking to intervene in capacities outside of their state governmental roles." On appeal, Immaculate Heart et al argue that the state legislators were seeking to intervene as legislators, i.e., in the capacity of their governmental roles, by arguing that Const 1963, art 8, § 2, ¶ 2, is unconstitutional. We conclude that both positions misconstrue the definition outlined in MCL 600.6419(7), as used in MCL 600.6419(1)(a).

MCL 600.6419(1)(a) gives the Court of Claims jurisdiction "[t]o hear and determine any . . . demand for monetary, equitable, or declaratory relief . . . against the state or any of its departments or officers . . . ." MCL 600.6419(7) defines the phrase "the state or any of its departments or officers" to include "an officer, employee, or volunteer of . . . any . . . legislative . . . body . . . of this state, acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function . . . ." Thus, the Court of Claims has jurisdiction "[t]o hear and determine any . . . demand for . . . equitable[] or declaratory relief . . . against . . . an officer . . . who . . . is acting[] within the scope of his or her authority while engaged in or discharging a government function . . . ." When read in the context of a claim *against* the state's officers, it is clear that for the Court of Claims to have jurisdiction, the officer must have been acting, or reasonably believed he or she was acting, within the scope of his or her authority at the time of the alleged wrongful conduct, not at the time he or she filed a motion to intervene or become a part of the action. Plaintiffs are raising no claims against any of the state legislators for allegedly wrongful conduct during which they were acting, or reasonably believed that they were acting, within the scope of their "authority while engaged in or discharging a government function in the course" of their duties. There were, simply, no claims or demands against the state legislators for the Court of Claims to have jurisdiction over.[6]

Affirmed.

/s/ Patrick M. Meter
/s/ Joel P. Hoekstra
/s/ Kirsten Frank Kelly

---

[6] It is tempting to conclude that because Representative Tim Kelly voted in favor of 2016 PA 249, MCL 600.6419 encompasses him. However, we must construe MCL 600.6419 as written, *Weakland*, 467 Mich at 347, and plaintiffs are not making a claim against him for that vote. In other words, plaintiffs are not alleging wrongful conduct on the part of individual legislators but are seeking a declaration that the vote *as a whole* is necessarily limited by the Michigan Constitution and that the state, the governor, the Department of Education, and the Superintendent of Public Instruction must not enforce it.