*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACIA GREEN,

      Plaintiff-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES and OFFICE OF INSPECTOR
GENERAL,

      Defendants-Appellees.

UNPUBLISHED
November 19, 2024
2:11 PM

No. 368269
Court of Claims
LC No. 23-000095-MZ

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff, Stacia Green appeals by right the Court of Claims' opinion and order granting summary disposition in favor of defendants, the Department of Health and Human Services (the Department), and the Office of Inspector General (OIG), under MCR 2.116(C)(4) and, alternatively, MCR 2.116(C)(7). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

Green is the owner of Royal Care Homecare, LLC, which provides home-based personal services to Medicaid beneficiaries. Both Green and Royal Care are enrolled Medicaid Providers. Between May 2015 and December 2018, they received $90,246.38 in Medicaid reimbursement payments from the Department. Subsequently, the Department initiated a post-payment review of the payments made to Green and Royal Care for the latter period. After receiving the requested documentation, the Department determined that Royal Care had been overpaid $13,826.91. Green contested responsibility in part. The Department reconsidered its initial findings and determined that Royal Care had been overpaid $13,153.53.

Green requested a hearing before an administrative law judge (ALJ). After a hearing, the ALJ issued a proposed final decision (PFD) concluding that the Department's recoupment decision should be upheld. Green filed exceptions, but the Director of the Department adopted the PFD in its entirety and issued a Final Order upholding the recoupment demand.

In April 2020, Green and Royal Care appealed the decision in the Kent Circuit Court. In March 2021, the Kent Circuit Court sent Green a notice of deficiency for failure to file her brief and perfect her appeal. Because Green failed to timely remedy the deficiency the court entered an order dismissing the appeal. Thereafter, the court denied Green's motion to re-open the case.

Green filed two more petitions in the Kent Circuit Court seeking review of the Department's Final Order. The Department moved for dismissal on the basis that the circuit court lacked jurisdiction. The court agreed and dismissed Green's petitions. Green did not appeal that decision to this Court.

Approximately seven months later, the Department filed suit against Green and Royal Care in Ingham Circuit Court to enforce the Final Order. The parties entered into a stipulation that Green and Royal Care would pay the Department $10,943.26 over a 24-month period. The Ingham Circuit Court entered the stipulation as a final order. Green, however, did not make any of the required payments and, three months later, moved to stay the execution of the stipulation. That motion was denied. Ultimately, the Department sought to satisfy the final order by offsetting Green and Royal Care's Medicaid payments.

In August 2023, Green initiated a new action in the Court of Claims, naming the Department and the OIG as defendants. Defendants responded by moving for summary disposition, arguing that the Court of Claims lacked subject-matter jurisdiction. They further contended that res judicata and collateral estoppel barred Green's claims, and that the parties' stipulation effectuated a waiver of her claims. The Court of Claims agreed and granted summary disposition to defendants. This appeal follows.

## II. SUBJECT MATTER JURISDICTION

### A. STANDARD OF REVIEW

Green argues that the Court of Claims erred by summarily dismissing her claim. This Court reviews de novo the Court of Claims' decision on a motion for summary disposition. *Zug Island Fuels Co v Dep't of Treasury*, 341 Mich App 319, 325; 989 NW2d 879 (2022). MCR 2.116(C)(4) authorizes a court to dismiss a complaint when "[t]he court lacks jurisdiction of the subject matter." Whether the Court of Claims has subject-matter jurisdiction is a question of law reviewed de novo. *Mich Head & Spine Institute PC v Auto-Owners Ins*, 338 Mich App 721, 725; 980 NW2d 567 (2021). "In reviewing a motion under MCR 2.116(C)(4), we examine whether the pleadings, affidavits, depositions, admissions, and documents in the case show that the [lower] court lacked subject-matter jurisdiction." *Id*.

### B. ANALYSIS

"Subject-matter jurisdiction is a legal term of art that concerns a court's authority to hear and determine a case." *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021). The subject-matter jurisdiction of a court is "determined only by reference to the allegations listed in the complaint, and if it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists." *Council of Orgs v Michigan*, 321 Mich App 456, 465; 909 NW2d 449 (2017) (quotation marks,

citation, and brackets omitted). "Where a court lacks jurisdiction over the subject matter of a suit, any action with respect to such a cause, other than dismissal, is absolutely void." *Id*. at 466.

With respect to the Court of Claims, because it is a legislative creation, its "statutory powers are explicit and limited." *Id*. at 466. The Court of Claims Act, MCL 600.6401 *et seq*., grants the Court of Claims jurisdiction as follows:

> To hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court. [MCL 600.6419(1)(a).]

Section 6419(5) further provides that "[t]his chapter does not deprive the circuit court of exclusive jurisdiction over appeals from . . . administrative agencies as authorized by law."

Here, Green's complaint related to the Department's administrative process in determining that she and Royal Care were liable for Medicaid overpayments, and the resulting consequences. In her complaint, Green recounted the details of the Department's audit of Medicaid payments to Green and Royal Care between May 2015 and December 2018, and detailed the bases for the Department's determination that Green and Royal Care were liable for recoupment payments. Green also raised what appears to be a claim that the audit process was constitutionally infirm for lack of evidence, fair process, and equal treatment, as well as various tort claims asserting that the audit process caused her to suffer both economic and special damages. Green sought declaratory relief to the effect that the Department "improperly abused the process in seeking the recoupment of funds," a "writ of mandamus" that the Department "is not entitled to seek recoupment," and injunctive relief precluding the Department from "attaching, seizing or selling any of [her] personal property." Plainly, all the relief that Green sought stemmed from damages she allegedly suffered as a result of the Department's allegedly erroneous determination in March 2020 that it had made Medicaid overpayments to Green and Royal Care. Having reviewed the complaint as a whole, we agree with the Court of Claims that the gravamen of the complaint is an attack on the March 2020 decision of the Director of the Department.

"This Court has held that 'a litigant seeking judicial review of an administrative agency's decision has three potential avenues of relief: (1) the method of review prescribed by the statutes applicable to the particular agency; (2) the method of review prescribed by the Administrative Procedures Act; or (3) an appeal under MCL 600.631[.]' " *Prime Time Int'l Distrib v Dep't of Treasury*, 322 Mich App 46, 55; 910 NW2d 683 (2017), quoting *Teddy 23, LLC v Mich Film Office*, 313 Mich App 557, 567; 884 NW2d 799 (2015) (alterations omitted).

Neither Green nor defendants assert that a statutory provision for appellate review specific to the Department's audit procedures exists. Consequently, Green's avenues for judicial review of the Department's Final Order are limited to either the APA or MCL 600.631. The APA's procedure for obtaining review of an agency decision provides that "a petition for review shall be filed in the circuit court for the county where petitioner resides or has his or her principal place of business in this state, or in the circuit court for Ingham county." MCL 24.303. The APA predicates

the availability of this judicial review on the appellant's being "aggrieved by a final decision or order in a contested case," and having exhausted all administrative remedies available within the agency. MCL 24.301. The APA defines "contested case" as "a proceeding . . . in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). Likewise, under MCL 600.631:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, *to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county*, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court. [Emphasis added.]

Here, it is undisputed that the proceedings before the Department qualified as a contested case. Thus, an appeal *to the circuit court in either the county where Green resides or Ingham County* was available to Green under the APA or under MCL 600.631. In contrast, no law expressly authorizes review of Green's appeal of the Department's Final Order before the Court of Claims. Accordingly, we conclude that the Court of Claims correctly dismissed Green's complaint for lack of subject-matter jurisdiction.

On appeal, Green argues that Const 1963, art 6, § 28, grants the Court of Claims jurisdiction over claims against the state. However, the Court of Claims derives its jurisdiction from statutory law, not the Constitution, and thus lacks the "extensive and inherent powers akin to those of a constitutional court of general jurisdiction." *Prime Time Int'l Distrib*, 322 Mich App at 53. Because the Legislature created the Court of Claims, the scope of latter's jurisdiction is subject to statutorily expressed limits. *Id.* at 52-53. Const 1963, art 6, § 28, which indicates that agency decisions are subject to judicial review as provided by law, is not relevant to the question of the scope of the Court of Claim's subject-matter jurisdiction.

Similarly, we are not persuaded by Green's reliance on the United States Supreme Court's decision in *Bivens v Six Unknown Named Agents*, 403 US 388; 91 S Ct 1999; 29 L Ed 2d 619 (1971). Green cites *Bivens* for the proposition that "violations of constitutional rights warrant judicial review, even if administrative processes are available." But *Bivens* states that a "petitioner is entitled to recover money damages for any injuries he has suffered as a result of [federal] agents' violation of the [Fourth] Amendment." *Bivens*, 403 US at 397. *Bivens* does not address, or offer guidance regarding, the Court of Claims' jurisdiction in this matter.

The Court of Claims' dismissal for lack of subject matter jurisdiction, therefore, was proper.[1]

---

[1] Given our resolution, we need not address the Court of Claims' alternative grounds for dismissing Green's complaint.

Affirmed. Defendants may tax costs as the prevailing parties. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett