BEHNKE, INC v STATE OF MICHIGAN
VAN'S DELIVERY SERVICE, INC v ATTORNEY GENERAL

Docket Nos. 272010and 272011. Submitted January 15, 2008, at Lansing. Decided February 21, 2008, at 9:15 a.m.

Behnke, Inc., and other Michigan-based trucking companies engaged in interstate commerce—who have registered their trucks in Michigan, but have registered their trailers in other jurisdictions that, along with Michigan, participate in the International Registration Plan (IRP)—brought an action in the Ingham Circuit Court against the state of Michigan and the Michigan State Police Motor Carrier Division, seeking declaratory and injunctive relief and a writ of mandamus preventing the motor carrier division from issuing citations to interstate carriers for failing to display a valid Michigan registration plate on trailers that are properly registered in another jurisdiction that participates in the IRP.

Van's Delivery Service, Inc., and others brought a separate action in the Ingham Circuit Court against the Michigan Attorney General and others, seeking the same relief. The court, William E. Collette, J., consolidated the cases and granted summary disposition in favor of the plaintiffs in each case. The defendants in each case appealed, and the appeals were consolidated.

The Court of Appeals *held*:

1. The circuit court had subject-matter jurisdiction over these cases. Even if the Court of Claims had jurisdiction, its jurisdiction was not exclusive of the jurisdiction of the circuit court over actions for declaratory or equitable relief.

2. The circuit court did not err in determining that the IRP provides that trailers properly registered in any member jurisdiction shall be granted full and free reciprocity and that such reciprocity shall be deemed registration under the plan. The IRP gives the plaintiffs the ability to register their trailers in any member jurisdiction as long as the registration fees are paid on their apportionable trucks.

Affirmed.

CARRIERS — REGISTRATION OF TRAILERS — INTERNATIONAL REGISTRATION PLAN.

The International Registration Plan, in which Michigan is a mem-

ber, allows an interstate carrier that registers its apportionable truck in a member jurisdiction to register its trailer in the same or another member jurisdiction.

*Paul M. Ross, P.C.* (by *Paul M. Ross*), for Behnke, Inc., and others.

*Foster, Swift, Collins & Smith, P.C.* (by *Robert E. McFarland* and *Paul J. Millenbach*), for Van's Delivery Service, Inc., and others.

*Miller Johnson* (by *Matthew L. Vicari* and *Salvatore W. Pirrotta*) for Gordon Food Service, Inc.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *John F. Szczubelek*, Assistant Attorney General, for the State of Michigan and others.

Before: FITZGERALD, P.J., and MARKEY and SMOLENSKI, JJ.

PER CURIAM. These consolidated cases involve actions for declaratory and injunctive relief, as well as for a writ of mandamus. In each case defendants appeal as of right from a trial court order granting summary disposition in favor of plaintiffs under MCR 2.116(C)(10). We affirm.

Plaintiffs are Michigan-based trucking companies engaged in interstate commerce. Their trucks are registered in Michigan, but their trailers[1] have been registered for years in foreign jurisdictions, particularly Maine. This action arises out of a decision by the Michigan State Police Motor Carrier Division (the motor carrier division) to issue civil infraction citations beginning in the spring of 2004 because of plaintiffs'

---

[1] For purposes of this opinion, use of the term "trailer" refers to a pole trailer, a semitrailer, a trailer coach, and a trailer.

failure to display on their trailers a valid Michigan registration plate in violation of MCL 257.255(1).[2] The motor carrier division's active enforcement of MCL 257.255(1) followed the amendment of MCL 257.801(1)(*l*). MCL 257.801(1)(*l*), as amended by 2003 PA 152,[3] increased the registration fee for a trailer with an elected gross weight of 10,000 pounds or over from $39 a year to a one-time $300 registration fee. The parties stipulated that the motor carrier division never issued citations to plaintiffs for a violation of MCL 257.255(1) before the amendment of MCL 257.801(1)(*l*).

Plaintiffs commenced actions requesting declaratory and injunctive relief and a writ of mandamus preventing the motor carrier division from issuing citations to interstate carriers for failing to display a valid Michigan registration plate on trailers that are properly registered in another jurisdiction. Plaintiffs asserted that they are not required to register their trailers in Michigan because they participate in the International Registration Plan (IRP) and are therefore permitted to register their trailers in any jurisdiction that participates in the IRP. The IRP is an apportioned registration plan in which each of the 48 continental states, as well

---

[2] MCL 257.255(1) provides, in pertinent part:

> Except as otherwise provided in this chapter, a person shall not operate, nor shall an owner knowingly permit to be operated, upon any highway, a vehicle required to be registered under this act unless there is attached to and displayed on the vehicle, as required by this chapter, a valid registration plate issued for the vehicle by the department for the current registration year.

Under MCL 257.216, every motor vehicle, pickup camper, trailer coach, trailer, semitrailer, and pole trailer, when driven or moved on a highway, is subject to the registration and certificate-of-title provisions of the Michigan Vehicle Code, except in certain situations not applicable here.

[3] The effective date of 2003 PA 152 was October 1, 2003.

as Canada, participates. Because interstate carriers must register in each jurisdiction in which they operate, the IRP permits them to register their trucks annually in one "base" jurisdiction[4] and to obtain credentials to operate in other IRP jurisdictions. An interstate carrier that registers through the IRP pays a full annual registration fee to its base jurisdiction, which, in turn, transmits a percentage of that registration fee to the various IRP jurisdictions in which the carrier operates, apportioned according to the mileage driven by the carrier during the preceding year in each jurisdiction. According to the plan, all apportionable vehicles are required to register.[5] Trailers are not apportionable vehicles, and

---

[4] "Base Jurisdiction" is defined in § 210 of the IRP as "the jurisdiction where the registrant has an established place of business, where distance is accrued by the fleet and where operational records of such fleet are maintained or can be made available in accordance with the provisions of Section 1602."

[5] Section 204 of the IRP defines "Apportionable Vehicle" as

[a]ny vehicle, except recreational vehicles, vehicles displaying restricted plates, city pick up and delivery vehicles, buses used in transportation of chartered parties, and Government-owned vehicles, used or intended for use in two or more member jurisdictions that allocate or proportionally register vehicles and is used for the transportation of persons for hire or designed, used or maintained primarily for the transportation of property and:

1. is a power unit having two axles and a gross vehicle weight or registered gross vehicle weight in excess of 26,000 pounds or 11,793.401 kilograms; or

2. is a power unit having three or more axles, regardless of weight; or

3. is used in combination, when the weight of such combination exceeds 26,000 pounds or 11,793.410 kilograms gross vehicle weight.

Trucks and truck tractors, and combinations of vehicles having a gross vehicle weight of 26,000 pounds or 11,793.401 kilograms or less and buses used in transportation of chartered parties may be proportionally registered at the option of the registrant.

the IRP does not require the apportionment of trailers.[6]

Plaintiffs argued below that their trailers are not subject to Michigan's registration statutes because § 404 of the IRP specifically authorizes interstate carriers to register their trailers in any member jurisdiction according to that jurisdiction's general registration statutes. Defendants asserted that the IRP should be interpreted to require trailer registration in the jurisdiction where the registrant's apportioned vehicles are registered. The trial court concluded that the plain language of § 404 of the IRP allowed plaintiffs to register their trailers in any member jurisdiction and to be given full and free reciprocity on Michigan highways.

I

Defendants first argue that the Ingham Circuit Court orders are void because the Ingham Circuit Court lacked subject-matter jurisdiction. They maintain that jurisdiction is proper in the Court of Claims. We disagree. A claim that the trial court lacked jurisdiction is a question of law that this Court reviews de novo. *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005).

Plaintiffs' actions requested declaratory and injunctive relief and a writ of mandamus preventing the motor carrier division from issuing citations under MCL 257.255(1) to interstate carriers for failing to display a valid Michigan registration plate on trailers that are properly registered in another jurisdiction. The claims sought declaratory or equitable relief not arising out of either contract or tort. Under MCL 600.605, "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where

---

[6] There is no dispute that the trailers were not registered as apportioned vehicles.

exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." Further, the remedies plaintiffs seek are fully within the scope of the circuit court's jurisdiction as provided by MCL 600.4401(1) (an action for mandamus against a state officer shall be commenced in the court of appeals, or in the circuit court in the county in which venue is proper), and MCR 3.305(A)(1) (an action for mandamus against a state officer may be brought in the Court of Appeals or the circuit court). Even assuming that the Court of Claims has jurisdiction, MCL 600.6419a provides that "jurisdiction conferred by this section [to the court of claims] is not intended to be exclusive of the jurisdiction of the circuit court over demands for declaratory and equitable relief conferred by section 605." Because the jurisdiction of the Court of Claims is not exclusive of the jurisdiction of the circuit court over actions for declaratory or equitable relief, MCL 600.6419a, it can be assumed that the Legislature intended that the circuit court retain original jurisdiction over such claims as provided by MCL 600.605.

II

At the heart of the dispute in this case is § 404 of the IRP, which provides:

> Trailers, semitrailers and auxiliary axles properly registered in any member jurisdiction and used, moved or operated in accordance with this section shall be granted full and free reciprocity. This reciprocity shall be deemed registration of such vehicles under the Plan and shall apply to both interjurisdictional and intrajurisdictional movement or operation, provided appropriate regulatory authority is held, if necessary. When registration fees are paid on apportionable vehicles, full and free reciprocity shall be granted to all trailers, semitrailers and auxiliary axles used

in the combination. No member jurisdiction shall require a registrant of power units to register any amount of trailers, semitrailers or auxiliary axles in any proportion to the registrant's apportioned power unit fleet.

We review de novo questions of statutory construction, with the fundamental goal of giving effect to the intent of the Legislature. *Weakland v Toledo Engineering Co, Inc,* 467 Mich 344, 347; 656 NW2d 175 (2003), amended on other grounds 468 Mich 1216 (2003). The goal of statutory interpretation is to determine and give effect to the intent of the Legislature, with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc,* 468 Mich 594, 597; 664 NW2d 705 (2003). If the language is unambiguous, "the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case." *Veenstra v Washtenaw Country Club,* 466 Mich 155, 160; 645 NW2d 643 (2002), citing *Turner v Auto Club Ins Ass'n,* 448 Mich 22; 528 NW2d 681 (1995).

The plain language of § 404 states that trailers properly registered in any member jurisdiction shall be granted full and free reciprocity and that such reciprocity shall be deemed registration under the plan. Section 404 clearly gives an interstate carrier the ability to register its trailers in any jurisdiction it chooses as long as registration fees are paid on its apportionable truck.[7]

---

[7] On March 14, 2006, the Michigan IRP program manager submitted a memorandum to IRP, Inc., and the Plan Re-Write Working Group recommending that the language of § 404 (which has since been renumbered as § 525) be changed to "require [that] owners register their trailers in any Member where they meet residency or base jurisdiction provisions of the Plan." This change in language was recommended because the section as currently worded "gives registrants the ability to register in any jurisdiction they choose. It is direct in permitting trailers to be registered in any jurisdiction . . . ."

Because the plain and ordinary meaning of this statutory language is clear, judicial construction is neither necessary nor permitted.[8] *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd,* 240 Mich App 153, 166; 610 NW2d 613 (2000).[9] Accordingly, Michigan must grant full and free reciprocity to trailers properly registered in any member jurisdiction under § 404.

Affirmed.[10]

---

[8] We also note that § 404 specifically states, "No member jurisdiction shall require a registrant of power units to register any amount of trailers, semitrailers or auxiliary axles in any proportion to the registrant's apportioned power unit fleet." Because apportioned vehicles must be registered in the base jurisdiction, and no jurisdiction can require the registration of any amount of semitrailers in any proportion to that of the apportioned vehicles, it is clear that the IRP does not intend to force the registration of semitrailers to be in the base jurisdiction. To find otherwise would be to nullify that final sentence of § 404.

[9] We decline defendants' invitation to read language from other sections of the IRP that govern apportionable vehicles into § 404, which solely governs trailers.

[10] In light of our conclusion, we need not address plaintiffs' constitutional arguments.