*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

      Plaintiff-Appellee,

and

GEORGE CIALDELLA,

      Intervening Plaintiff-Appellee,

v

SENTRY CASUALTY COMPANY, SENTRY
INSURANCE, SENTRY SELECT INSURANCE
COMPANY, SENTRY LIFE INSURANCE
COMPANY, ACE AMERICAN INSURANCE
COMPANY, ACE CAPITAL TITLE
REINSURANCE COMPANY, ACE FIRE
UNDERWRITERS INSURANCE COMPANY, and
ACE LIFE INSURANCE COMPANY,

      Defendants,

and

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY,

      Defendant-Appellant.

FOR PUBLICATION
June 22, 2023
9:15 a.m.

No. 361259
Oakland Circuit Court
LC No. 2020-185275-CK

Before: GLEICHER, C.J., and HOOD and MALDONADO, JJ.

GLEICHER, C.J.

-1-

Trucking plays a critical role in the economy of our state and nation. Maintaining a steady flow of goods and products is essential to economic growth. Launched 50 years ago, the International Registration Plan (IRP) simplified the licensing and registration barriers that once encumbered interstate truck travel. Under the program, which Michigan joined in 1985, a commercial vehicle pays full registration and licensing fees in its home jurisdiction, and apportioned registration fees in other jurisdictions based on the distances the truck or fleet travels on those jurisdictions' roads. An apportioned plate and cab card are the only credentials a trucker needs to drive through a member jurisdiction.

This case presents a novel question regarding the IRP's proportional registration system: whether a truck primarily registered outside of Michigan with an apportioned registration including Michigan must carry Michigan no-fault insurance. We hold that proportional registration, standing alone, does not compel the purchase of Michigan no-fault insurance. We reverse the trial court's contrary decision and remand for further proceedings.

## I. BACKGROUND FACTS

This insurance dispute involves events and people in three states: Michigan, Indiana, and Illinois. George Cialdella is a Michigan resident and a named insured on a personal Michigan no-fault automobile insurance policy issued by plaintiff Frankenmuth Mutual Insurance Company. In December 2019, Cialdella worked as a truck driver for CHI Logistics, Inc. The parties dispute whether Cialdella was a CHI employee or an independent contractor, but his employment status does not affect our analysis.

CHI is based in Illinois and operates an interstate trucking business. CHI owned or leased the truck at issue from another Illinois trucking company, KZ, Inc.[1] KZ registered the truck in Illinois and proportionally registered the truck in 48 of the United States, including Michigan. No evidence supported that the truck had ever been driven in Michigan.

In December 2019, a supervisor at CHI asked Cialdella to take the truck from Chicago, Illinois, to Indiana for refueling. As Cialdella alighted from the truck's cab in Indiana, a step gave way. Cialdella fell and sustained severe injuries.

Frankenmuth paid Cialdella's personal protection insurance (PIP) benefits, which totaled over $500,000. It brought this action seeking a declaratory judgment that CHI's insurance carrier, defendant ACE Property and Casualty Insurance Company, was highest in priority to pay Cialdella's PIP benefits under MCL 500.3114(2) and (3).[2] ACE moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that it was not liable for PIP benefits under Michigan's no-fault act because the truck was registered in Illinois, the accident occurred in Indiana, and the

---

[1] Whether CHI leased or owned the truck is also irrelevant.

[2] Subsection 3114(2) applies to an "operator or a passenger of a motor vehicle operated in the business of transporting passengers," and clearly does not apply here. Subsection 3114(3) applies to "[a]n employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer[.]"

truck was never operated in Michigan for more than 30 days in a calendar year. ACE argued that the truck was not required to be registered in Michigan under MCL 500.3101(1) or MCL 500.3102(1), and thus Michigan's no-fault act did not apply.

Frankenmuth asked the court to deny ACE's motion and to grant judgment in its favor under MCR 2.116(I)(2), contending that because the truck was proportionally registered in Illinois under the IRP, it was fully registered in every jurisdiction where CHI does business, including Michigan. In Frankenmuth's estimation, the proportional registration combined with Cialdella's status as a CHI employee meant that ACE was a higher priority insurer under MCL 500.3114(3), entitling it to judgment in its favor.

The trial court determined that because there was no factual dispute regarding the ownership of the truck, the sole question presented was whether registration under the IRP was sufficient to deem the truck registered in Michigan for purposes of Michigan's no-fault act. The court agreed with Frankenmuth that the IRP registration sufficed to regard the truck as registered in Michigan and that ACE was the highest priority insurer under MCL 500.3114(3). ACE now appeals.

## II. ANALYSIS

We review the denial of summary disposition and issues of statutory interpretation de novo, without deference to the trial court. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). MCR 2.116(C)(10) provides that summary disposition is appropriate when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

### A. THE PROPORTIONALLY REGISTERED TRUCK WAS NOT REQUIRED TO BE REGISTERED IN MICHIGAN

Michigan's no-fault act, MCL 500.3101 *et seq*., requires Michigan drivers to maintain no-fault automobile insurance. At the time of Cialdella's accident, MCL 500.3101(1) provided that "the owner or registrant of a motor vehicle *required to be registered in this state* shall maintain security for payment of benefits under [PIP] and property protection insurance as required under this chapter, and residual liability insurance." (Emphasis added.) Even nonresident owners or registrants of motor vehicles *not* registered in Michigan must maintain security for the payment of no-fault benefits if the motor vehicle is "operated in this state for an aggregate of more than 30 days in any calendar year." MCL 500.3102(1).

The truck involved in Cialdella's fall was never operated in Michigan, so MCL 500.3102(1) does not apply. If CHI or KZ were obligated to purchase no-fault insurance for the vehicle, that obligation necessarily flowed from MCL 500.3101(1), which mandates no-fault coverage for vehicles that are "required to be registered" in this state.

The Michigan Vehicle Code, MCL 257.1 *et seq*., states a general rule requiring the Michigan registration of all motor vehicles driven our state's roads, followed by two relevant exceptions:

Every motor vehicle, recreational vehicle, trailer, semitrailer, and pole trailer, when driven or moved on a street or highway, is subject to the registration and certificate of title provisions of this act *except the following*:

(a) A vehicle driven or moved on a street or highway in conformance with the provisions of this act relating to manufacturers, *transporters*, dealers, or *nonresidents*. [MCL 257.216(1) (emphasis added).]

CHI and KZ are "transporters" and "nonresidents." But that does not end the analysis, because as "transporters," an additional registration requirement is in play.

We start with "nonresidents." Usually, a "nonresident" vehicle owner whose car is licensed and registered in another state need not obtain a Michigan registration – think tourists and other visitors. MCL 257.243(1) explains this concept as follows:

A nonresident owner, except as otherwise provided in this section, owning any foreign vehicle of a type otherwise subject to registration under this act may operate or permit the operation of the vehicle within this state without registering the vehicle in, or paying any fees to, this state if the vehicle at all times when operated in this state is duly registered in, and displays upon it a valid registration certificate and registration plate or plates issued for the vehicle in the place of residence of the owner.

"Transporters" pose a different problem. "A nonresident owner of a foreign vehicle operated within this state for the transportation of persons or property for compensation" must "register the vehicle and pay the same fees for its registration as is required with reference to like vehicles owned by residents of this state." MCL 257.243(2). In other words, the statute binds nonresident transporters to the same registration requirements as resident transporters.

Enter the IRP.

MCL 257.243(2), the statute requiring that commercial vehicles traveling through our state obtain Michigan registration, was enacted in 1949. See 1949 PA 300. The IRP was adopted in 1985. The Legislature paved the way for the adoption of the IRP by creating an organization called the Highway Reciprocity Board, and empowering the board to enter into reciprocal registration agreements with other states. MCL 3.161 *et seq*. Foreshadowing the IRP, MCL 3.166 provided:

A compact, agreement or arrangement entered into under the authority of this act, may contain provisions authorizing the registration or licensing in another jurisdiction of vehicles located in or operated from a domicile in the other jurisdiction, which vehicles otherwise would be required to be registered or

licensed in this state; and in such event the exemptions and privileges extended by the compact, agreement or arrangement shall apply to such vehicles.[3]

With the adoption of the IRP, trucking companies operating in Michigan are no longer required to register their trucks here in addition to their home jurisdictions, as long as the trucks are proportionally registered in Michigan.

This Court has described the IRP as "an apportioned registration plan" between 48 states and most Canadian provinces. *Behnke, Inc v State*, 278 Mich App 114, 116; 748 NW2d 253 (2008). "Because interstate carriers must register in each jurisdiction in which they operate, the IRP permits them to register their trucks annually in one 'base' jurisdiction and to obtain credentials to operate in other IRP jurisdictions." *Id*. at 117. As we explained in *Behnke*, an IRP-registered interstate carrier "pays a full annual registration fee to its base jurisdiction, which, in turn, transmits a percentage of that registration fee to the various IRP jurisdictions in which the carrier operates, apportioned according to the mileage driven by the carrier during the preceding year in each jurisdiction." *Id*. The plan's primary benefit is that it allows commercial trucks to obtain licensing and registration in one state or province, and to travel freely in the others without undertaking the financial and bureaucratic efforts for full licensure in reciprocal jurisdictions.

A brief review of *Behnke*'s facts contributes to a fuller understanding of the IRP. The plaintiffs in *Behnke* were Michigan-based trucking companies that registered their trucks in Michigan, but registered their trailers in other states, particularly Maine. *Id*. at 115. The Michigan State Police issued the plaintiffs civil infraction citations for failing to register the trailers in Michigan. The plaintiffs sued, seeking a declaration that they were not required to register their trailers in Michigan because the trailers were proportionally registered in other states under the IRP. *Id*. at 116. This Court agreed, holding that a section of the IRP specifically authorized interstate carriers to register their trailers in any IRP member jurisdiction under that jurisdiction's registration laws. *Id*. at 120. We concluded, "Michigan must grant full and free reciprocity to trailers properly registered in any member jurisdiction under § 404 [of the IRP]." *Id*. at 121.

CHI and KZ are nonresident owners of proportionally registered vehicles, and like the trailers in *Behnke*, their tractors may travel freely in Michigan without additional registration. CHI acknowledges that some trucks in its Illinois-based fleet operate in Michigan "for the transportation of . . . property for compensation[.]" According to ACE, KZ fulfilled Michigan's registration requirement for its entire fleet by obtaining proportional registration of its trucks, including the truck that caused Cialdella's injuries. But by doing so, Frankenmuth retorts, CHI and KZ automatically became subject to our state's no-fault insurance mandate.

The truck involved in Cialdella's injury does not fall within MCL 257.243(2)'s mandatory registration requirement because it was never operated in Michigan. Perhaps recognizing this reality, Frankenmuth makes no effort to argue that either CHI or KZ were "required" to register that truck in Michigan. Instead, Frankenmuth maintains, the truck *was* registered in Michigan through the IRP. Therefore, Frankenmuth reasons, even though that truck's tires had never graced

---

[3] Executive Order 2007-15 abolished the Highway Reciprocity Board and transferred its powers to the Department of State, effective July 15, 2007.

a Michigan roadway, its owner was required to purchase Michigan no-fault coverage for the vehicle. We find no support for this argument in logic or the law.

We begin with the law. No Michigan cases specifically mention the IRP other than *Behnke*. But we find compelling support for our holding in *Parks v DAIIE*, 426 Mich 191; 393 NW2d 833 (1986). Like this case, *Parks* was a priority dispute regarding PIP coverage. The injured party, Wayne Parks, worked for Roadway Express, a Delaware corporation based in Ohio. He suffered a hernia while lifting a box of brass fittings while inside a Roadway trailer. The trailer was registered in Tennessee and "several states other than Michigan," while the tractor was registered in Michigan. *Id*. at 196. The trailer had been operated in Michigan for only three days at the time of the accident. Parks sought to recover no-fault benefits from Roadway, or his personal no-fault insurer (DAIIE), or the assigned claims facility. *Id.* at 197.

The parties agreed that the trailer in which Parks was injured was a "motor vehicle" under the no-fault act, and that it was appropriate to "look to the registration of the trailer to determine which insurer is liable." *Id*. at 198 (emphasis omitted). The Supreme Court first considered MCL 500.3101(1), which provides that the owners or registrants of motor vehicles "required to be registered in this state" must carry PIP insurance. Next, the Court scrutinized MCL 500.3102(1), which requires no-fault coverage of a vehicle operated in Michigan for an aggregate of more than 30 days per calendar year. *Parks*, 426 Mich at 199. The Supreme Court concluded that the trailer in which Parks was injured did not fall within either statute. *Id*. The Court's reasoning guides our decision in the case before us.

The Court observed that MCL 500.3101(1) "applies only to owners or registrants of vehicles 'required to be registered in this state.'" *Parks*, 426 Mich at 199. That provision did not apply, because the trailer was registered in Tennessee, and "[u]nder a compact entered into by the State of Michigan and the State of Tennessee," the trailer was not required to be registered in Michigan. *Id*. at 200. The Court elaborated: "The Legislature created the Highway Reciprocity Board and has authorized it to enter into reciprocal compacts with other states regarding the operation of trailers engaged in interstate commerce. MCL 3.161 *et seq*. . . ." *Parks*, 426 Mich at 199-200. In a footnote, the Court specifically acknowledged that MCL 257.216 would require registration in Michigan, but for the reciprocal agreement. *Parks*, 426 Mich at 200 n 2. But because the trailer was not required to be registered in Michigan, it "was not subject to the mandatory security requirement in § 3101(1)." *Parks*, 426 Mich at 200.

Like the truck involved in Cialdella's accident, the trailer in *Parks* was registered in another state through a "reciprocal agreement" governing registrations. That registration permitted the truck to be driven in Michigan without separately registering here. Although *Parks* does not specifically mention the IRP (which Michigan adopted several years *after* Parks' accident), we glean from that case that a reciprocal, proportional registration that includes Michigan does not subject a truck used in Michigan to MCL 500.3102(1), Michigan's mandatory no-fault coverage

statute. Distilled to its essence, the holding in *Parks* is that the owner of a vehicle that is not required to be registered in Michigan is not required to purchase no-fault coverage.[4]

This result makes sense. The purpose of reciprocal registration under the IRP is to relieve trucking companies of the burden of complying with 48 different state registration requirements. Section 105 of the IRP stated at the time of Cialdella's accident and continues to state:

> The fundamental principle of the Plan is to promote and encourage the fullest possible use of the highway system by authorizing apportioned registration of Fleets of Apportionable Vehicles and the recognition by each Member Jurisdiction of the registration of Vehicles apportioned by other Member Jurisdictions, thus contributing to the economic and social development and growth of the Member Jurisdictions. [International Registration Plan, Amended January 1, 2019, available at < https://cdn.ymaws.com/www.irponline.org/resource/resmgr/ jurisdiction_info_2/the_plan_1_1_19.pdf> (accessed May 25, 2023).[5]]

Freedom of truck movement through the states and Canada enhances economic growth for all of the cooperating jurisdictions. Mandating no-fault insurance coverage for *all* trucks proportionally registered in Michigan under the IRP – including those that have never actually traveled in Michigan – undermines the purpose of the plan.

A recent opinion of our Supreme Court illustrates the continuing relevance of *Parks*. *Turner by Sakowski v Farmers Ins Exch*, 507 Mich 858; 953 NW2d 204 (2021), began as a consolidated appeal in this Court involving two priority disputes. *Turner by Sakowski v Farmers Ins Exch*, 327 Mich App 481; 934 NW2d 81 (2019). In one of the cases, the involved vehicle was registered in Maryland and owned by a non-Michigan corporation referred to in the opinion as Enterprise. *Id*. at 486-487. In the other case, the vehicle was registered in Pennsylvania and owned by Enterprise. *Id*. at 490. Neither vehicle had been operated in Michigan for more than 30 days when the plaintiff passengers were injured. Id. at 487, 490. This Court determined that because Enterprise was the self-insured owner and registrant of the vehicles, it was the highest priority insurer. *Id*. at 507. We specifically rejected Enterprise's argument that the priority provisions of the no-fault act did not apply because the vehicle was not "required to be registered in this state," and therefore exempt from the mandatory no-fault rule. *Id*. at 502-507.

The Supreme Court reversed, explaining that:

> Here, as in *Parks*, it is undisputed that the vehicles at issue owned by the Enterprise appellants which the injured individuals were occupying at the time of

---

[4] That said, we acknowledge that if the vehicle is operated in Michigan "for an aggregate of more than 30 days in any calendar year," MCL 500.3102(2) would require that the owner purchase no-fault insurance coverage.

[5] See also International Registration Plan, Amended January 1, 2021, available at < https://cdn.ymaws.com/www.irponline.org/resource/resmgr/jurisdiction_info_2/Plan_1_1_21.pdf > (accessed May 25, 2023).

the respective accidents were (1) out-of-state vehicles, (2) not required to be registered in this state, and (3) not subject to the security provisions of the no-fault act because they had not been operated in this state for more than 30 days within the calendar year. See MCL 500.3101(1); MCL 500.3102(1). [*Turner*, 507 Mich at 859.]

Although the no-fault priority statutes do "not expressly condition an insurer's priority for no-fault benefits upon the vehicle's being required to be registered in Michigan or otherwise being subject to the security provisions of the no-fault act because it has been operated within the state for more than 30 days within the calendar year," the Supreme Court declared that "such a condition is implicit . . . when the no-fault act is read as a whole." *Id.* The Court summarized that "because the[] self-insured Enterprise appellants . . . were not required under either MCL 500.3101(1) or MCL 500.3102(1) to obtain no-fault insurance the vehicles at issue, the Enterprise appellants could not have constituted the 'insurer of the owner or registrant of the vehicle occupied' " under the relevant priority statute. *Turner*, 507 Mich at 860.

The truck involved in Cialdella's accident was not required to have been registered in Michigan, as Frankenmuth implicitly concedes. The "reciprocal registration" discussed in *Parks* is indistinguishable from the proportional registration involved here. Because neither form of registration constitutes "required" registration under Michigan law, *Parks* and *Turner* compel the conclusion that neither KZ nor CHI were not statutorily obligated to purchase no-fault coverage for the truck.

## B. THE ACE INSURANCE POLICY DID NOT INCLUDE NO-FAULT INSURANCE

Frankenmuth argues that the ACE policy actually includes first-party no-fault coverage and therefore ACE stands first in priority for Cialdella's PIP coverage. We rejected a virtually identical argument in *Besic v Citizens Ins Co*, 290 Mich App 19; 800 NW2d 93 (2010).

The relevant portion of the ACE policy provides:

**b. Out-of-state Coverage Extensions**

While a covered "auto" is away from the state where it is licensed, we will:

**(1)** Increase the Limit of Insurance for Covered Autos Liability Coverage to meet the limit specified by a compulsory or financial responsibility law of the jurisdiction *where the covered "auto" is being used*. This extension does not apply to the limit or limits specified by any law governing "motor carriers" of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction *where the covered "auto" is being used.*

We will not pay anyone more than once for the same elements of "loss" because of these extensions. [Emphasis added.]

This language echoes the language we construed in *Besic*, 290 Mich App at 28. In that case we held that the plain language "out-of-state coverage extension" did not provide Michigan no-fault coverage "because at the time of the accident *Besic* undisputedly was using the covered 'auto' in Ohio, a state that does not have a no-fault liability scheme." *Id*. at 28-29.

Here, the truck was being used in Indiana at the time of Cialdella's accident. Indiana does not require no-fault coverage, and as discussed above, neither KZ nor CHI were required to purchase no-fault coverage for the truck.

## C. PRIORITY

Under MCL 500.3114(1), a person seeking no-fault benefits must generally look first to his or her own insurer for PIP coverage, unless one of the exceptions in MCL 500.3114(2), (3), or (5) applies. *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 111; 724 NW2d 485 (2006). The only potentially relevant exception here is MCL 500.3114(3), which addresses the priority of coverage for injuries sustained while an occupant of a vehicle owned or registered by an employer. That exception is inapplicable, however, because even if we assume that Cialdella was employed by CHI, the ACE policy does not include Michigan no-fault benefits. The ACE policy does not, therefore, fall within any order of priority. See *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 300; 876 NW2d 853 (2015) ("[W]e discern a general rule that when an exception to subsection (1) should apply but insurance is not available, the general rule of subsection (1) applies.").

## D. SUMMARY

A nonresident transporter may primarily register a truck outside of Michigan with an apportioned registration including Michigan under the IRP and avoid separate registration requirements in this state. If that truck is operated in Michigan "for an aggregate of more than 30 days in any calendar year," the nonresident owner will be required by MCL 500.3102(1) to secure no-fault automobile insurance. If it is not operated in Michigan, or operated for less than 30 days, no-fault insurance is not required. As the truck in this case was registered in Illinois and was not driven in Michigan, neither CHI nor KZ was required to secure no-fault insurance for the vehicle. The trial court erred in placing other insurance purchased by CHI and KZ into the order of priority to provide no-fault coverage for Cialdella's injuries.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado